STATE OF MISSOURI, TO THE USE OF JOHN F. BAIER, Re-
spondent, v. JOHN C. BERBERICH ET AL., Appellants.

**May 25, 1880.**

1. Where the trustee of a married woman by her direction purchases prop-
erty for her sole and separate use, that the purchase was made partly on
her credit does not invalidate the trust.

2. A married woman can create a trust as to her separate property without the
coöperation of her husband.

3. That the *cestui que trust* is the wife of the trustee does not make the latter's
testimony incompetent in an action to enforce his legal right to the trust
property.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

J. M. & C. H. KRUM, for the appellants : A married
woman, without the consent of her husband, cannot create
a trust in respect to either real or personal property owned
by herself, except in the cases where she may devise or be-
queath the same by will.— Perry on Tr., sects. 16, 32, 77,
83 ; Wag. Stats., chap. 94, sect. 13 ; Myers' Supp. 269.
The husband's testimony was incompetent. — *Paul* v.
*Leavitt*, 53 Mo. 595.

KEHR & TITTMANN, for the respondent : A married woman
may create a trust without being joined by her husband.—
Rev. Stats., sect. 3296.   Trusts in personal property may be

created, and, if necessary, may be proved by parol declarations.— *Kirkpatrick* v. *Davidson*, 2 Ga. 297 ; *Gordon* v. *Green*, 10 Ga. 534 ; *Berry* v. *Norris*, 1 Duv. 302 ; *Kimball* v. *Morton*, 5 N. J. Eq. 26.

LEWIS, P. J., delivered the opinion of the court.

Defendant, John C. Berberich, obtained a judgment before a justice of the peace against John F. Baier, in his individual capacity, and caused his execution to be levied on the counters, shelving, and boxes here in controversy. The same John F. Baier, as trustee for his wife, Louise, claimed the property in due form, under the act of 1855, whereupon defendant Berberich, with the other defendants as his sureties, gave the bond of indemnity which is here sued upon, and caused the property to be sold by the constable. The plaintiff's testimony tended to show that on August 31, 1877, Louise Baier executed and delivered an instrument in the following terms : —

" I, Louise Baier, wife of John F. Baier, being about to establish a grocery store at No. —— Carondelet Avenue, in the city of St. Louis, with my own separate means and such credit as I may be able to procure, hereby appoint my brother, Louis Weber, my trustee, to purchase from time to time and hold for me as my sole and separate property, free from the debts, and in no wise subject to the control of my husband, John F. Baier, all such fixtures, goods, wares, and merchandise as may be necessary to carry on said grocery store, with power on my part to dispose of the groceries at retail in the ordinary course of business, and to direct the sale or mortgage of the store, stock, or fixtures at any time. I also reserve the power to remove my said trustee at pleasure, and to substitute another in his stead. My trustee is to incur no liability in the premises, except for the faithful performance of this trust."

The trust was accepted by Weber, and the instrument was acknowledged by both parties.

Plaintiff's testimony further tended to show that in September, 1877, Sebastian Berberich was in possession as owner of the property in controversy, and a judgment having been obtained against him by Bauer & Bohle, the property was sold under their execution, and was purchased by Bauer & Bohle through John F. Baier, who represented them, by request, at the sale; that a few weeks later, Bauer & Bohle sold the property to Weber, as trustee for Mrs. Baier, principally on credit, a part being paid about that time in money and a grocery account. Weber, trustee, and Mrs. Baier joined in a mortgage to secure Bauer & Bohle in the purchase-money. That on May 23, 1878, Mrs. Baier executed an instrument revoking her appointment of Louis Weber as trustee, and substituting her husband, John F. Baier, in his stead, with substantially the same powers and authority that had been bestowed on the first trustee. On June 8, 1878, defendant, John C. Berberich, obtained the judgment against John F. Baier, and the execution thereupon, which gave rise to this proceeding. In the court below, the verdict of a jury was for the plaintiff.

Defendants argue that no trust was established as to the property in controversy by the instrument of August 31, 1877, because the property was not then owned by Louise Baier. The objection is of no force. If Mrs. Baier had placed money in the hands of her trustee for the purchase of the property, to be held under the trust, there can be no question that the property, when purchased, would become part of the trust estate. Why should the result be different when she placed her credit, instead of her money, in the trustee's hands? The purchasing power of the one may be the same as that of the other. So far as the trustee and his authority are concerned, it can make no possible difference which of those elements was employed in the acquisition of the property.

The authorities cited by defendants in support of the proposition that a married woman cannot create a trust

without the coöperation of her husband, seems to be super-seded by the Missouri act of 1875.   Myers's Supp. to Wag. Stats. 269, sect. 20.   By that act, any personal property which may have come to a married woman during cover-ture, by purchase with her separate money or means, shall be and remain her separate property, and under her sole control, etc.   The provisos following have no bearing on the point under consideration.   It would seem difficult to reconcile this statutory provision with a rule requiring the husband's assent and coöperation in any disposition of the wife's property acquired under the terms of the statute, and thus denying to her the "sole control" intended to be secured by the law.   We do not think that, in the present state of the law, it was at all necessary for the husband to join in the execution of the instrument creating the trust.

There was sufficient evidence to sustain the finding of the jury on the questions of sale and delivery by the con-stable to Bauer & Bohle, and by Bauer & Bohle to Weber, trustee of Mrs. Baier.   Some stress is laid on the testi-mony which tended to show that the articles were, continu-ously from the time of the first execution sale until the trial of this cause, contained in a store-room in the posses-sion of defendant Berberich.   The actual possession of the store-room was a matter of dispute between Berberich and Baier.   But, in any case, the demand made by Berberich upon Bauer & Bohle, after the sale at which they bought, that they at once remove the property purchased, sufficed to show his recognition of the fact that the sale to them was complete, and that he, even if in possession of the store-room, was a mere naked depository of the constable who had levied.

It was in testimony that the property was sold by Bauer & Bohle to Louis Weber, trustee of Mrs. Baier, upon Mrs. Baier's credit, and that an entry to that effect was made in the books of Bauer & Bohle, and that vendors

thereupon directed the constable, who was still in charge, by a watchman on the premises, to deliver the key to Mrs. Baier; that, in the language of the witness, the property was "turned over" to her, nothing remaining to be done by either party in order to complete the sale; that Mrs. Baier then, and shortly after, paid about $60 in cash and groceries on the purchase. Some, perhaps all, of the transactions were conducted through the agency of John F. Baier. But all the witnesses testified, in effect, that he was a mere go-between, and no circumstance was elicited to show that his money or his credit in any shape entered into the purchase. We do not perceive how the jury could reach any conclusion other than that the sale was complete, and the property duly transferred from Bauer & Bohle to Mrs. Baier's trustee. It appeared from defendant Berberich's testimony that he was induced to levy on the property as belonging to his debtor Baier, by certain statements of Baier's made as a witness in a former case, to the effect that he had forcibly entered the store-room spoken of, because the articles therein belonged to him. The jury could not have failed to weigh this testimony, and their finding is conclusive as to its value.

There is no reason why John F. Baier was not a competent witness in his own behalf. He is the beneficial plaintiff in this case, suing to enforce his legal rights as trustee of an express trust. In *Paul* v. *Leavitt*, cited for defendants, the husband and wife were joined as parties on the same footing. Here the wife is not a party at all. Her name appears only to aid the description of the beneficial plaintiff, and of the character in which he sues. The instructions given presented the case fairly to the jury. In those refused we do not find anything to which the defendants were entitled that is not substantially in the instructions which were given.

With the concurrence of all the judges, the judgment is affirmed.