Turner v. Carpenter.

---

TURNER v. CARPENTER *et al., Appellants.*

1. **Deed, Delivery of.** The execution and acknowledgment of a deed, although made in pursuance of a prior agreement, do not constitute its delivery.

2. ———. So long as a deed remains undelivered, it is inoperative as a conveyance.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*S. T. Allen* and *S. T. White* for appellants.

*J. P. Orr* and *Elliott & Jetmore* for respondent.

The delivery was complete so soon as the grantor lost the control, and the grantee had the control, or it was in the possession of his agent. The possession of the agent is the possession of the principal. 2 Greenleaf, Ev. 297; 4 Kent (11th Ed.) side page 454; *Scrugham v. Wood*, 15 Wend. 545; *Verplank v. Sterry*, 12 John. 536; *Ruggles v. Lawson*, 13 John. 285; *Carter v. Mills*, 30 Mo. 432; *Yarnell v. Yarnell*, 6 Mo. 326. When the plaintiff speaks of delivery "after record" he merely speaks of the return of the deed to him after its record, and not the delivery to transfer title. The first delivery invests him with title from the execution. The other simply gave him the possession after its record in the office of the recorder, and this act of getting possession neither diminished nor augmented the rights of plaintiff. His title was complete from the date of the deed.

HENRY, J.—This is an action of ejectment for the recovery of the possession of several lots in the town of Holden. The petition is in the usual form and the answer, in addition to a general denial, contains a special equitable defence which, in the view we take of the case, it is unnecessary to notice. There was a verdict and judgment for plaintiff from which this appeal is prosecuted.

Turner claims title under a deed executed by one Abram Musick and wife, dated the 5th day of July, 1872, and acknowledged August 27, 1872. Musick, who is a step-son of plaintiff, resided at that time in Missouri, and plaintiff in Illinois. Musick was sued by several parties before a justice of the peace in Johnson county, and immediately after served with summons in those suits left this state and went to Illinois to his step-father's. After he left, judgments were rendered against him in the suits before the justice, one on the

14th of August, 1872, and another on the 21st of August, 1872. An execution was issued on the first of said judgments and duly returned unsatisfied, and a transcript of said judgment was filed in the office of the clerk of the circuit court of said county on the 2nd day of November, 1872, and duly recorded, and at a sale under the execution issued thereon, the defendant, Carpenter, became the purchaser on the 13th day of June, 1873. Afterwards the deed from Musick to Turner was filed for record with the recorder of deeds for said county, to-wit: 13th of November, 1872. The transcript of the justice's judgment was filed in the office of the clerk of the circuit court of said county ten days before the plaintiff's deed was filed for record, and the only question in the case which we deem it necessary to notice is, whether there was any delivery of the deed to plaintiff before said transcript of the judgment was filed in the circuit clerk's office.

The evidence on that point is as follows: The plaintiff in his deposition stated that the deed was delivered to him in the winter of 1872, sometime before Christmas, about that time. "I never saw it before then. Was not present when the deed was made. The reason it was not given to me at the time it was made was that it was not recorded and Musick's wife had not signed it. The deed was made here (in Illinois) and I think it was acknowledged by Musick and his wife after he went back to Missouri." It appears, also, that plaintiff and his wife executed a power of attorney constituting said Musick their attorney in fact to sell and convey said property. The power of attorney bears date the 19th and was acknowledged the 21st of August, 1872, six days before Musick's deed to him was acknowledged.

Musick testified that the deed was written in Lincoln, Illinois; that Turner told him to have the deed made out and recorded at Warrensburg as he, Musick, went through Missouri, but that he did not do it at that time; he guessed he did it about the 1st of October, 1872. That

Turner wrote him a couple of times to send it to him but he did not send it, but took it with him when he went back to Illinois. The court was asked but refused to declare that there was no proof that the deed was delivered, either actually or constructively, prior to the 13th of November, 1872, when it was filed for record.

The execution and acknowledgment of a deed, although made in pursuance of a prior agreement that it should be done, must be followed by some other act before it can take effect as a deed. Delivery is as essential as the execution of a deed, and as long as the grantor retains it in his possession and control, no actual delivery of the deed having been made, it is wholly inoperative. "The delivery must be either actual, by doing something and saying nothing, or else verbal, by saying something and doing nothing; or it may be by both; but by one or both of these it must be made; for otherwise, though it be ever so well sealed and written, yet is the deed of no force." *Jackson v. Philips*, 12 Johns. 421; *Huey v. Huey*, 65 Mo. 692. And what is said or done toward the delivery of a deed must be said or done after its execution. A deed not in existence cannot be delivered. Conceding that there was a *bona fide* purchase by plaintiff from Musick of the lot in question, and that the latter agreed to execute and deliver the deed, yet after the execution of the deed the delivery must be made and the antecedent agreement to make and deliver cannot be regarded as a delivery. If it were otherwise the question in relation to the delivery of a deed could seldom arise, for it rarely occurs that one executes and acknowledges a deed without having a prior agreement that he will do so.

In this case the plaintiff never had his hands upon the deed; never saw it or had any control over it whatever until it was recorded on the 13th of November, 1872. It was in the possession of the grantor who had never for an instant of time parted with the possession of it from the date of its execution until it was filed for record.

When ordered by plaintiff to send it to him, Musick disobeyed his orders and kept it until he had it recorded in November, and took it with him to plaintiff in December. There was no delivery of the deed until filed for record, and this occurred after the judgment lien had attached to the lots. The deed took effect from that day and until then the title to the property remained in Musick. The court should have declared the law as asked by defendant and the judgment is reversed and the cause remanded. All concur, except Hough, C. J., absent.