84   591
44a   32
84   591
45a   27

SEIFERT, *Administrator, Appellant,* v. JONES.

1. **Married Woman:** CONTRACT: SEPARATE ESTATE. A married woman must be regarded as charging her separate estate in the act of contracting an obligation, unless a contrary intention is evidenced by her contemporaneous writing.

2. ———: SEPARATE ESTATE: CHARGING OTHER PROPERTY. But if she in writing makes an express charge of the obligation upon other property, such act rebuts the implication, which would otherwise arise, of a charge on her separate estate.

*Appeal from Franklin Circuit Court.*—D. Q. GALE, Esq., Special Judge.

AFFIRMED.

*John R. Martin* for appellant.

(1) The respondent was not entitled to recover **on**

his counter-claim or set-off. The action was commenced on October 4, 1877; the set-off pleaded was a note, dated January 25, 1876, payable two years after date. The whole record, including the judgment itself, shows that this note was not due at the time of the commencement of the action. An off-set cannot be allowed either in law or equity, or under the statute, unless it was due at the time of the commencement of the action; and where the administrator is the plaintiff, the cause of action interposed by the off-set must have accrued in the lifetime of the intestate. R. S., secs. 3522, 3869; Waterman on Set-off (1 Ed.), sec. 381, p. 427; *Vastine, Adm'r, v. Divian & Merrick,* 42 Mo. 269; *Reppy et al. v. Reppy et al.,* 46 Mo. 571 And upon the foregoing view of the law, the court erred in refusing to give the instruction asked by appellant, to the effect that respondent could not recover on such counter-claim or off-set. (2) By giving the deed of trust on the homestead the wife negatived any intent on her part to change the policy. The true interpretation of the note and deed of trust, taken together, show that the only security intended to be pledged was the property conveyed. *Kimm v. Weippert,* 46 Mo. 532. (3) At the time of the execution of the note the policy of insurance was no such existing tangible property as was capable of being bound thereby as the separate property of the wife. *Charter Oak Ins. Co. v. Brant,* 47 Mo. 419.

*Smith & Krauthoff* for respondent.

(1) The policy of insurance issued to Mrs. Wolf was a separate estate and subject to all the incidents of such an estate. R. S., secs. 3296, 5981; *Baker v. Young,* 47 Mo. 453; *Pomeroy v. Ins. Co.,* 40 Ill. 402; *Claflin v. Van Waggoner,* 32 Mo. 252; *Whitesides v. Cannon,* 23 Mo. 457; *Coates v. Robinson,* 10 Mo. 757; *Pemberton v. Johnson,* 46 Mo. 342; *Bank v. Taylor,* 62 Mo. 338; *Morrison v. Thistle,* 67 Mo. 596; *Staly v. Ivory,* 65 Mo. 74. (2) By executing the note Mrs. Wolf charged her sep-

arate estate.  *Gay v. Ihm*, 69 Mo. 584 ; *DeBaum v. Van
Waggoner,* 56 Mo. 437 ; *Lincoln v. Rowe*, 51 Mo. 571 ;
*Kimm v. Weippert*, 46 Mo. 532 ; *Cook v. Husbands*, 11 Md.
503 ; *Koontz v. Nabb*, 16 Md. 549 ; *Emerick v. Cookly*,
35 Md. 188.  A married woman can have a separate es-
tate in choses in action which can be reached in equity
when she has created a charge on it.  *Gage v. Gates*, 62
Mo. 412.  (3) Mrs. Wolf evidently intended to give
greater security to the note by becoming a party to it,
and this she could only do by binding her separate estate
as a fund which could be resorted to for its payment.
*Williams v. Jenson*, 71 Mo. 681.  Statutes of set-off are
beneficial acts tending to prevent circuity of action and
the speedy settlement of controversies, and courts have
always given them a liberal construction.  Waterman on
Set-off, sec. 24.  And when one of the parties is dead, or
insolvent, this is absolutely necessary to prevent gross
injustice.  Byles on Bills, 349 ; *Temple v. Scott*, 3 Minn.
419.

MARTIN, C.—The point in controversy in this case
arises on a counter-claim.  Theodore Seifert, as adminis-
trator of Mary Wolf, deceased, sued the defendant on a
promissory note, payable to his intestate, in the sum of
$2,300.  The defendant, in his answer, admits the execu-
tion and delivery, denying, however, that it remains un-
paid.  He pleads payments aggregating in amount about
$1,850.  He next pleads a counter-claim, wherein he dis-
closes a promissory note in the sum of $453, executed by
said intestate, and William Wolf, her husband, payable
to one John B. Busch, and by him endorsed and delivered
to defendant.  It is further alleged that at the execution
and delivery of said last mentioned note, said Mary Wolf
was possessed of a certain policy of insurance on the life
of her husband in the sum of $3,000, which had been
taken out by her husband in the Manhattan Life Insur-
ance Company, of New York, as a provision for her in

the event of his death, and which inured to her as of her separate estate; that after paying all premiums as they became due, said Wolf died, in 1877; and said policy matured and was collected by said Mary Wolf in her life time; that, upon her decease, the proceeds thereof passed into the hands of plaintiff, as her administrator, and remained in his hands as of her separate estate. It is averred that said Mary Wolf, by execution of said last mentioned note, intended to charge, and did charge her interest and estate in and to said policy, and to the proceeds thereof with the debt and obligation evidenced by her said note, by reason whereof the same should be allowed as a counter-claim to the plaintiff's demand and judgment rendered in defendant's favor against said separate estate for any balance remaining unpaid.

The plaintiff, by way of replication, alleges that the said note for four hundred and fifty-three dollars was executed by said William Wolf and Mary, his wife, in consideration of an indebtedness of her said husband to said Busch; that to secure the payment thereof and interest thereon, said William Wolf and Mary, his wife, at the same date with the note, executed and delivered to one Krumsick, as trustee, a deed of trust of even date with the note, whereby they conveyed to said trustee certain lands and premises situated in Franklin county, which they were at the time occupying as their homestead; that by reason of said conveyance said Mary did not intend to charge, and did not charge her said estate in said policy of insurance. Plaintiff denies that she ever intended to charge or ever did charge her said interest in said policy.

The facts, pleaded by both sides, appear in the evidence. The policy of insurance was dated December 19, 1865, and recited that the Manhattan Life Insurance Company of New York, in consideration of the annual payment of $173.34 by Mrs. Mary Wolf, insured the life of William Wolf for the sole use of the said Mary in the sum of $3,000, and agreed to pay to the said Mary, her

executors, administrators, and assigns, for her sole use, said sum of $3,000 within ninety days after proof of the death of the said William Wolf ; and that in case of the death of the said Mary Wolf, before the death of the said William, the said sum of $3,000 should be payable to her children for their use. It was admitted that Mary Wolf, at her death, left children surviving her. The deed of trust described in the replication was given in evidence. It is dated January 5, 1876, and was recorded January 26, 1876. It is signed by both husband and wife, and purports to convey by covenants of grant, bargain and sale certain improved lots in the town of Pacific, waiving and relinquishing all rights thereto under or by virtue of the laws of the state relating to the exemptions of homesteads. This conveyance is in trust to secure the note described in the counter-claim. The deed contains covenants to keep the building insured and to assign the policies of such insurance in the sum of five hundred dollars, at least, to the party of the third part as further security for the note. It was admitted by the defendant that the property covered by the deed of trust was the homestead of the grantors therein.

It was admitted by plaintiff that at the time of the execution of said deed of trust, the property conveyed in it was already subject to two valid mortgages thereon, executed by said William Wolf and Mary Wolf, and that they were duly recorded. It was also admitted by plaintiff that after the death of William and Mary Wolf, said real estate was duly sold under said prior mortgages, and failed to bring the amount of the debts secured therein. At the instance of defendant the court ruled that Mary Wolf, by execution of the note contained in the counter-claim, effected a charge upon the policy of insurance inuring to her separate use, and that said charge was valid against the proceeds thereof in the hands of her administrator, and accordingly allowed the counter-claim in its full amount, giving judgment in defendant's favor against

said proceeds, in the balance of $74.18, after deducting the plaintiff's demand.

I.   Thus it will be seen that the only question presented to us for determination is whether Mrs. Wolf, by signing the note contained in the counter-claim, effected an equitable charge upon the policy on the life of her husband, and upon the proceeds received by her after the death of her husband.  The learned counsel for defendant contend that the policy by its terms inuring to her separate use, constituted a separate estate in her, and was subject, like any other separate estate, to be charged by her acts for debts and obligations contracted during coverture.  This position is by no means free from doubt.  Unquestionably, a married woman may charge with her debts and contracts her equitable separate estate.  But the interest and estate inuring to her under this policy are subject to a statute, which gives to her what may be termed a statutory separate estate, as distinguished from the equitable separate estate, so long recognized and protected by the courts.  This policy was made in 1865; and at the date of her supposed charge upon it in 1876, her rights under it would seem to be subject to section 5981 (R. S., 1879), which is continued from the general statutes of 1865, with some slight changes in the terms and phraseology used.  Section 5980 applied only to policies subsequently effected.  This section (5981) recognizes in her a separate estate of a peculiar character.  Its manifest object was to protect and preserve for herself and children a provision for their support.  Whether it is consistent with the policy of this statute, that she should have the power, during her husband's life, of charging it with her debts incurred while under coverture may well admit of doubt.  On account of the view taken by us in relation to the facts supposed to contain her intention to charge this estate it will not be necessary for us to decide this question.  I will pass it by with a reference to some authorities bearing upon

it. *Pomeroy v. Manhattan Life Ins. Co.*, 40 Ill. 398; *Tilmeyer v. Turnquist*, 85 N. Y. 516; *Williams v. Williams*, 68 Ala. 405; *Smillie v. Quinn*, 90 N. Y. 492; *Leonard v. Clinton*, 26 Hun 288; *Charter Oak Life Ins. Co. v. Brant*, 47 Mo. 419; *Baker v. Young*, 47 Mo. 453.

II. Conceding, for the purposes of argument, that the contingent interest of Mrs. Wolf in the policy and proceeds thereof, prior to her husband's death, constitutes a separate equitable estate in her, I am satisfied from the evidence that she did not intend to charge it with the note in controversy, and that no such charge can be implied from her acts. I am well aware that she must be regarded as charging her separate estate in the act of contracting an obligation, unless a contrary intention is evidenced by her contemporaneous writing. The charge is implied in the act of contracting the obligation. But if she, in writing, makes an express charge of the obligation upon other property, nothing is left to implication, and the implied charge does not arise. In this case she joined in an instrument expressly charging the note in controversy upon her homestead and the insurance thereon. This act of hers rebuts the implication which otherwise would have imposed it as a charge on her separate equitable estate. *Kimm v. Weippert*, 46 Mo. 532; *Maguire v. Maguire*, 3 Mo. App. 458. The fact that after the death of both husband and wife, the real estate was sold under prior incumbrances, and nothing was realized on the deed of trust which constituted the express charge, cannot change the import and effect of the act of the grantor in giving it, or of the defendant's assignor in accepting it. There is no evidence that the property conveyed was not at the time of the conveyance of ample value to answer all the purposes of the express charge and to repel the pretended necessity of the implied charge contended for.

In pursuance of these views the judgment of the cir-

cuit court is reversed, and the cause remanded for entry of a new judgment, to the effect, that the defendant take nothing by his counter-claim and that the plaintiff have judgment on his demand according to its tenor and effect, after deducting payments made on account thereof. All concur.