## W. W. KIMBALL, Respondent, v. J. M. SILVERS ET AL., Appellants.

### Kansas City Court of Appeals, June 14, 1886.

1. REPLEVIN—SECOND AFFIDAVIT—CONSTRUCTION OF 3844, REVISED STATUTES—CASE ADJUDGED.—The statute (sect. 3844, Rev. Stat.) provides that if the plaintiff claim in his petition the possession of specific personal property, he may, at the time of filing his petition, or at any *other time* afterwards, *before rendition of the judgment* in the cause, file his *affidavit* or the *affidavit* of some other person in his behalf, etc. So that if the *first* is defective, or to be regarded as *no affidavit*, he has the right to make the *second* one within the time stated, and to hold the property which was improperly delivered under the defective affidavit. And the trial court should deny a motion to remand the property to defendant, and permit plaintiff to file a *proper* affidavit when that filed is defective.

2. —————— MARRIED WOMEN'S PROPERTY—DISTINCTION BETWEEN EXECUTED AND EXECUTORY CONTRACTS.—Although in respect of *personal* property, the title may be transferred without deed, by mere delivery; this *may* not be capable of being invoked in the case of a sale of *separate* property by a married woman by *delivery* only, or a mortgage of her property at law without her husband's co-operation. It may depend upon whether she seeks to *enforce* a right for the protection of her separate property interest, or whether the action is brought *asserting* a right growing out of, or based on an executory *contract made with her;* as it has been *held,* for instance, that she may *enforce* specific performance of a contract made with her, for purchase or sale of land, and yet it has *not been* held in this state, that an action for specific performance is maintainable *against* her on such contract.

3. —————— —————— MORTGAGE TO SECURE HER NOTE MADE WITHOUT CONCURRENCE OF HUSBAND—CASE ADJUDGED.—Where, as in this case, mortgage was given to secure the payment of *her* note, made without the concurrence of her husband, no judgment, at law, could be rendered against her, based on this note. But a court of equity would enforce the payment of the note by declaring it a charge upon her separate estate, if given under circumstances, indicated by the contract itself, that she intended to bind it—and the execution of the mortgage shows such intention; but no other property than that named in the mortgage could be taken in equity. The proceeding to reach her separate property, by subjecting it to

the charge, is essentially equitable, and can not be accomplished in action at law. The act of 1875, (as to personal property), does not affect this question.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action in replevin for recovery of the possession of a piano. The important facts are, that, on or before the fifth day of November, 1881, the plaintiff, through his agent at Kansas City, sold to Mrs. E. M. Thorpe, a piano. She paid in cash thereon the sum of one hundred and fifty dollars, and gave to plaintiff her promissory note for the balance of the purchase money; to secure which she executed a chattel mortgage to plaintiff. Mrs. Thorpe was then a married woman, and her husband neither joined in making the note nor the mortgage. The mortgage bore date of November 5, 1881, but was not acknowledged until the ninth day of November, 1881, nor put to record until the seventeenth day of that month. In the meantime, on the twelfth day of November, the firm of Abernathey, North & Orrison, of Kansas City, instituted suit by attachment in a justice's court against E. E. Thorpe, the husband of E. M. Thorpe, under which the defendant Silvers, as constable, seized said piano, as of the property of the husband, or at least as subject to the demand of Abernathey *et al.* In this action of Abernathey *et al.*, judgment was obtained on the twenty-fifth day of November, and execution was issued thereon and levied on this piano. The constable had the same advertised for sale on the tenth day of December following. The piano was in the meantime stored by the constable with the defendants as store keepers. Before the day of sale the plaintiff brought this action of replevin against the constable

and the special bailees, and took the piano, claiming possession under his said chattel mortgage.

The affidavit to the petition in replevin was made by one Farrell, and did not comply with the statute. At the trial, defendants moved the court to order the property returned to the defendants for the reason that the affidavit did not authorize the clerk to make the order of delivery. This motion the court overruled, and permitted the proper affidavit to be then made to the petition, over the objection of defendants. Defendants also objected to the introduction in evidence of the said chattel mortgage. At the close of plaintiff's evidence the defendants demurred to the evidence. This being overruled, the defendants offered to prove that the debt for which Abernathey *et al.* sued Thorpe was contracted for necessaries for himself and family.

This offer was refused by the court.

The court found the issues for plaintiff, and defendants have appealed.

SCARRITT & SCARRITT, for the appellants.

I. The court had no jurisdiction to order defendant in a replevin suit to deliver personal property to the sheriff, or to require the sheriff to take such property from defendant and deliver it to plaintiff, *until the plaintiff, or some one for him*, has filed the statutory affidavit. Sect. 3844, Rev. Stat; *Eads v. Stephens*, 63 Mo. 90. A *petition* sworn to by the plaintiff, or his agent, does not meet the requirements of the statute, and will not support an order for the delivery of personal property. Sect. 3844, Rev. Stat.

II. A *chattel* mortgage executed by a married woman, without joining her husband is absolutely void. *King v. Mittaberger*, 50 Mo. 183; Edwards on Prom. Notes (2 Ed.) 66; Benjamin on Sales, sect. 31; *Jones v. Crosthwaite*, 17 Iowa 396; *Helum v. Warner*, 112 Mass. 273; *Bricker v. Scott*, 47 Ind. 299; *Switzer v. Valentine*,

10 How. Pr. (N. Y.) 115; *Martin v. Colburn*, Sup. Ct.,. Mo., Oct. Term, 1885.

III. The legislature of this state has not conferred upon a married woman the right to contract without joining her husband, and any contract made by her alone cannot be enforced in a court of law. Sect. 3296, Rev. Stat; *Yate v. Dederer*, 18 N. Y. 271; *Brown v. Fifield*, 4 Mich. 322; *Alexander v. Salisbury*, 39 Ala. 375; *Swift v. Luce*, 27 Maine 285; *Nash v. Norment*, 5 Mo. App. 547. And any act of the legislature giving validity in law to any contract of a married woman is in deroga-- tion of the common law, and must be construed strictly, and no implication can be allowed to arise from the lan-- guage of the statute. *Lord v. Parker*, 3 Allen (Mass.) 127; *Jones v. Crosthwaite*, 17 Iowa 393; *Howe v. Wildes*,. 34 Maine 572.

IV. Defendants had a right to prove that the debt for which the piano was attached was incurred by the husband for necessaries for the use of the wife and family. In such case, the property levied upon was, *as* *to this debt*, the property of the husband, and the lien having attached before the recording of the morgage, the defendants have the *prior* right to the possession of the property. Sect. 3296, Rev. Stat. The mortgage was not recorded until five days after the levy of the attach- ment; and the levy was made and the property taken with the consent of the owner, and under an agreement that it should be sold and the proceeds applied to payment of the judgment against her husband. Under this state of facts, the mortgage is void as to these defendants, even though it should be held good as to others. Sect. 2503, Rev. Stat; *Bevens v. Bolton*, 31 Mo. 443; *Bryson v. Penix*, 18 Mo. 15; *Cook v. Clapport*, 12 Mo. 379.

V. If the plaintiff has any remedy, it is in equity and cannot be enforced in a suit of replevin. *Carpenter v. Mitchell*, 50 Ills. 470; *Hooton v. Ranson*, 6 Mo. App. 21.

VI. Plaintiff had no right to take the piano until

he had paid or tendered seventy-five per cent. of the one hundred and fifty dollars paid on the purchase price by Mrs. Thorpe.   Sects. 2507, 2508, Rev. Stat.

Scammon & Stubenrauch, for the respondent.

I.   The court did not err in permitting plaintiff to file amended affidavit and bond.   Sects. 3844–5, Rev. Stat.

II.   For the purposes of this case it is immaterial whether the mortgage was recorded or not.   The parties whom the appellants represent are neither creditors nor purchasers from mortgagor or mortgagee.   *Johnson v. Jeffries*, 30 Mo. 423.

III.   Under the law of this state, at the date of the mortgage, a married woman could make a valid chattel mortgage upon her *statutory separate* property, without being joined by her husband.   Boone on Mort., sect. 235 ; sect. 3296, Rev. Stat. ; *State to use Baier v. Berberich*, 9 Mo. App. 128 ; Jones Chat. Mort. (2 Ed.) sect. 42 ; *Alt v. Meyers*, 8 Mo. App. 198 ; *Krouskop v. Shoutz*, 51 Wis. 204 ; Stewart on Husb. & Wife, sect. 237 ; *Emmerson v. Clayton*, 32 Ill. 493 ; *Goodyear v. Rumbarg*, 13 Pa. St. 480 ; *Frecking v. Rolland*, 53 N. Y. ; *McCoy v. Hyatt*, 80 Mo. 130.   The case of *Nash v. Norment* (5 Mo. App. 547), does not discuss the statute of 1875 at all.

IV.   Defendants in no event had a right to prove that the debt for which the attachment was issued was incurred by the husband for necessaries.   It was immaterial, the property being found to be the statutory separate property of the wife, and the proceeding by which it was sought to be reached, being a legal and not an equitable one.   *Gage v. Gates*, 62 Mo. 412 ; *Hooton v. Ranson*, 6 Mo. App. 21; *King v. Mittaberger*, 50 Mo. 183.

V.   It was not *until after* the mortgage was acknowledged and recorded (so the court finds) that Thorpe agreed to turn over the property to Abernathey

and others. No agreement by *her* could then affect respondent's rights. The plaintiff's remedy by replevin was the appropriate one. *Lacy v. Wathen*, 36 Mo. 320; *Pace v. Pierce*, 49 Mo. 393. The case comes directly under the statute. Sect. 3844, Rev. Stat.

VI. Sections 2507 and 2508, Revised Statutes, do not require a payment or tender of seventy-five per cent. of the one hundred and fifty dollars paid before the property may be replevied. Those sections apply not to absolute sales like that to Mrs. Thorpe, but to *conditional sales* only, "where the title remains in vendor." Sects. 2507, 2508, Rev. Stat.

VII. Statutes like our present married women's act are remedial and are to be liberally construed. *Dayton v. Walsh*, 47 Wis. 113.

PHILIPS, P. J.—I. The first matter for consideration is the action of the court in denying the defendants' motion to remand the property to the defendants, and in permitting the plaintiff to file the proper affidavit. The statute (sect. 3844, Rev. Stat.) provides that if the plaintiff claim in his petition the possession of specific personal property, he may, at the time of filing his petition, or at any other time afterwards, before the rendition of judgment in the cause, file his affidavit, or the affidavit of some other person in his behalf, etc.

It may be conceded that, under the original affidavit, the clerk had no right to make the order of delivery, and that the sheriff had no authority to take the property and turn it over to plaintiff. The required affidavit was in the nature of a jurisdictional fact, or act, that must precede the order of delivery.

But the statute provides that this affidavit may be made at the time of filing the petition, "or at any other time afterwards, before the rendition of judgment in the cause."

So, regarding the first affidavit as no affidavit, the plaintiff, or any one in his behalf, had the right to make

the required affidavit at the time the second one was made. By section 3845, it was then the duty of the court to make the order of delivery. So had the court sustained the defendant's motion upon the presentation of the proper affidavit it was bound to make the delivery order, under which the sheriff would have been required to retake the property and restore it to the plaintiff. Why then go through the idle ceremony of first sustaining the motion, and in the next instant order the sheriff, before he could get out of the court house, to retake it? It is no answer to this fruitless form to say that defendant could not give a forthcoming bond and retain the property under the first affidavit, because, had he done so, it would have been a recognition of the validity of the affidavit. Conceding this to be correct, which we do not decide, what loss would he have sustained between the sustaining his motion, had it been sustained by the court, and the making of the second affidavit? The law requires no idle ceremonies. *State ex rel. v. Koontz*, 83 Mo. 333. It looks to substance rather than to empty form.

II. As the plaintiff's claim to the immediate possession of the piano is based on the chattel mortgage, the question of paramount importance to be determined is, did the execution of the mortgage, by the wife alone, entitle the plaintiff, upon breach of its conditions, or any of them, to maintain the action of replevin?

Few questions in our practice are more vexatious and embarrassing than the ascertainment of the real status of married women in respect of their separate property interests. It seems to be conceded in the argument that this piano is the separate property of Mrs. Thorpe.

It has been recently decided by the supreme court of this state, in *Martin and Wife v. Colburn*, that a *feme covert* is disqualified to transfer her separate real estate by deed without her husband joining her in the act.

While it is true that such transfers can only be evidenced by deed, duly acknowledged, as to married women, and the decision of the supreme court is to be applied with reference to that fact, yet it is to be observed that the learned judge places his conclusions largely on the policy of the law, which is designed to · "shield her against any indiscretions into which her inexperience might lead her, with respect to her property ; to protect her against the schemes of designing persons who might covet her estate, and, above all, to preserve harmony and happiness in the household, which might be seriously disturbed by the conveyance of her real estate by the wife without consulting" the husband.

We recognize in this connection the distinguishing fact that in respect of personal property the title may be transferred without deed, by mere delivery ; and also the embarrassment of the position, should we hold, as requested by appellants, of 'conceding that a married woman may make an absolute sale of her separate personal property, and pass the title by delivery, while she may not make a valid mortgage of it at law, without her husband's co-operation.

It occurs to me, however, that much of the confusion and seeming inconsistency respecting this controversy may be attributed to the failure to keep in mind the distinction between executed and executory contracts, or considerations, and the difference, in point of remedy, where she seeks to enforce a right for the protection of her separate property interests, and where an action is brought asserting a right growing out of, or based on, an executory contract made with her.

It has been held, for instance, that under circumstances of strong equity she may enforce a specific performance of a contract made with her for the purchase or sale of land.  *Neff v. Redmon,* 76 Mo. 195 ; *Walker v. Owens,* 79 Mo. 663.  And yet it has not been held, in this state, that an action for specific performance is maintainable against her on such contract.  Likewise, it

has been held that, as to her separate personal property, she may maintain an action in replevin for its wrongful taking and detention. *McCoy v. Hyatt*, 80 Mo. 130. The supreme court of this state recently held, in effect, in *Dunifer v. Jecke* (2 West. Rep. 452–3) that husband and wife might sue as partners on an account due the concern ; and that in respect of the wife's separate personal property she might make contracts.

But the learned judge, who delivered the opinion, recognizing the embarrassment surrounding the question we have to determine, observed : " How such contracts are to be enforced, as against her and her property, are not involved herein."

The legal effect of the plaintiff's status in this action is to enforce a right based on an executory consideration or contract with a married woman alone. He claims that her bond is broken, that she is in default and has not kept and performed her undertaking, whereby he is entitled, under the contract, to claim the possession of her personal property. This right he is seeking to enforce in an action at law.

The mortgage was given to secure the payment of her note made without the concurrence of her husband. This, at law, was void. *Bauer v. Bauer*, 40 Mo. 61. No judgment at law could be rendered against her based on this note. It would be a void judgment. *Higgins v. Peltzer*, 49 Mo. 156. But a court of equity would enforce the payment of the note by declaring it a charge upon her separate estate, if given under circumstances, indicated by the contract itself, that she intended her separate estate should be so bound. *Kimm v. Weipple*, 46 Mo. 532.

The intention of Mrs. Thorpe to create a charge upon her separate estate, to the extent of the piano, is manifested in writing by the execution of the mortgage. But no other property than the piano could be taken in equity. *Kimm v. Weipple, supra.*

The proceeding to reach her separate property, by

subjecting it to the charge, is essentially equitable. It cannot be accomplished in an action at law. As said by Henry, C. J., in *Martin and Wife v. Colburn, supra :* " Her power to charge her separate estate is not based on the *jus disponendi.* In fact she does not charge it, but equity does it for her. The whole doctrine on the subject lies within the domain of equity." In *Kimm v. Weipple, supra,* Wagner, J., quotes with approval the language of Lord Thurlow, in *Hulme v. Tenant* (1 Bro.. C. C. 16): " Inasmuch as her creditors have not the means at law of compelling payment of her debts, a court of equity takes upon itself to give effect to them, not as personal liabilities, but by laying hold of the separate property as the only means by which they can be satisfied."

In *Nash v. Norment* (5 Mo. App. 545) it is said of such a chattel mortgage as this : " Clearly such a mortgage is bad." This, too, was said of a mortgage executed since the married woman's act of 1875. In the subsequent case of *State ex rel. v. Berberich* (9 Mo. App. 128), Lewis, P. J., held, that since the said act of 1875, a married woman without joining her husband could execute an instrument constituting a trustee for her separate property.

But it is to be observed in all these cases, that the act of the *feme covert* was not sought to be enforced against her, but was for her benefit. The suit was in equity, and not, as here, at law seeking to enforce her contract, in effect, against her.

I am unable to perceive wherein the act of 1875 affects this question. It simply declares that, as to certain personal property, it shall be her separate property, and under her sole control. It does not purport to touch the matter as to how that property shall be disposed of ; nor does it in any manner enlarge the remedies against her, or profess to give the courts of law jurisdiction over her contracts different from what they had before the

act. It leaves the matter of practice and the methods of procedure just as they stood. An iction *in personam* can no more be maintained against a married woman to-day than it could prior to 1875. And until the legislature shall, by enactment, change the rule of law in this respect I am unable to see how it is to be upheld, upon authority and principle, that an action at law can be maintained to enforce an executory contract made by a married woman as one *sui juris*.

The question, I admit, is not free from its embarrassment, but in the present state of the adjudications in this jurisdiction, and in view of the fact that the *feme covert* in this case did not deliver the property to the mortgagee, but consented and directed that the constable might take it on the writ of attachment, I reach the conclusion that the demurrer to the evidence should have been sustained. The other judges concurring, the judgment of the circuit court is reversed, and the cause is remanded, to be proceeded with conformably to this opinion.