ARTHUR LEE *et al.*, Respondents, v. JAMES COHICK AND EMELINE COHICK, his Wife, Appellants.

St. Louis Court of Appeals, March 4, 1890.

1. **Husband and Wife**: CHARGE OF SEPARATE ESTATE OF MARRIED WOMAN. A charge upon the separate estate of a married woman in realty can be effected by her oral contract.

2. ———: ———. A married woman can by her contract only charge a separate estate held by her at the date of such contract, or the subsequent substitute therefor; and a decree charging her separate estate with a debt is not warranted, if the evidence fails to show that she held any separate estate at the time of the contraction of the debt; and this is so, though such debt was contracted for the rendition of services in the acquisition of a separate estate by her.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge

REVERSED AND REMANDED (*Judge Thompson dissenting*)

*Zach. J. Mitchell* and *William H. Cohick,* for the appellants.

*A. & J. F. Lee,* for the respondents.

Lee v. Cohick.

ROMBAUER, P. J., delivered the opinion of the court.

This a proceeding in equity to subject the real estate, now held by the defendant Emeline Cohick to her separate use, to a charge or lien alleged to have been created by her by a contract for legal services, rendered to her at a fixed compensation. Upon trial of the cause the plaintiffs had a decree, as prayed for. The defendants, appealing, assign for error that the court illegally admitted oral evidence of the contract; that the decree is opposed to the weight of evidence, and that it is unwarranted upon the plaintiff's own evidence, as such evidence fails to show any separate estate in Emeline Cohick at the date of the alleged contract, on which such contract could operate.

The first assignment of error is disposed of by the ruling in *Miller v. Brown*, 47 Mo. 504. That case pointedly decides that a married woman may in this state charge her separate real estate by an oral contract.

Touching the second objection, we may say that where all the witnesses to the contract are parties interested on one side or the other, and testify in opposition to each other, the question as to which side is entitled to credence depends largely on surrounding circumstances, and the manner in which witnesses give their testimony. In the case at bar the plaintiffs testified to the contract, and the members of the Cohick family testified against it. The plaintiffs' evidence, though lacking somewhat in defining the precise terms of the contract, was clear and consistent, while that adduced by the defendants was vague and contradictory. If, therefore, plaintiffs' recovery would depend on the question alone, whether the alleged contract for their compensation was made by Emeline Cohick, we would not feel warranted to disturb the decree rendered.

The defendants' third assignment of error, however, is well taken. Neither the evidence adduced by the

plaintiffs, nor that adduced by the defendants, establishes the fact that the defendant, Emeline Cohick, at the date of the alleged promise, had any separate estate, whatever, which was, or could be, converted into the separate estate sought to be charged in this proceeding. Giving to the plaintiffs' evidence its widest admissible scope, it merely tends to show that the defendant Emeline's husband, James Cohick, at some time many years anterior, the exact date not appearing, used some money which she had inherited, to the amount of six thousand dollars, or more, and that, at some time thereafter, she and her husband conveyed the realty hereinafter described to their son George without any consideration. It appeared, from the evidence of both parties, that this conveyance was presumably made with the intent and for the purpose of hindering or delaying the creditors of James Cohick, and particularly those who had claims against him as surety on the bond of one Jamison. This property was about to be sold out under an antecedent deed of trust, and the aim and object of the Cohicks appear to have been to make, under the deed of trust sale, a valid title in one of them, purged of the fraud in the conveyance from James Cohick to his son. Whether the husband originally converted the money of his wife Emeline, with her consent or otherwise, legally or wrongfully, did in nowise appear. The best that can be said of plaintiffs' evidence is that defendant *Emeline asserted* that she had some claim against her husband James, and that she agreed to pay ten per cent. of that claim to the plaintiffs, if they invested her with the title of the realty, sought to be charged in this proceeding, but that she actually had any claim, legal, equitable or even moral, nowhere appears, and is positively denied by the defendant Emeline herself, and other witnesses.

We had occasion in *Boatmen's Savings Bank v. McMenamy*, 35 Mo. App. 204, to fully discuss the

nature of the obligations of a married woman, possessing separate estate *at the date when the promise was incurred*, as defined in *Davis v. Smith*, 75 Mo. 224. It is an unavoidable conclusion that such promise can charge only *an existing separate estate* or its subsequent substitute. Such promise is in no sense a personal obligation of a married woman, and, even though she create a charge upon her separate estate thereby, yet if she thereafter dies, her personal representative cannot be sued thereon, nor can it be allowed against her general estate in course of administration in the probate court. *Davis v. Smith*, *supra*.

Such being the unquestioned law in this state, it unavoidably results that the promise of a married woman, invalid in its inception for want of any separate estate *in præsenti* on which it can operate, cannot obtain validity or vitality by the subsequent acquisition of a separate estate by her. The fact that the services, to compensate which the promise was made, consisted in securing to her the future acquisition of a separate estate, is wholly immaterial. There is nothing in *Crawford v. Love*, 10 Mo. App. 583, which, in any way, is opposed to this holding, since there the legal services were rendered in the protection of an existing separate estate.

The plaintiffs have unquestionably rendered services of value and should not be debarred from recovery, if they can obtain it by making fuller proof. They may possibly be enabled to show, on a retrial of the cause, that the anterior claim of the defendant Emeline was of such a character as to constitute her separate estate, under the legal definition of such an estate in this state, and that the estate sought to be charged is a mere substitution therefor. While we are bound to reverse the judgment, we will remand the cause for further proceedings. So ordered. Judge BIGGS concurs; Judge THOMPSON dissents.