J. B. MENDENHALL, Respondent, v. ELIZABETH LEIVY
*et al.*, Appellants.

Kansas City Court of Appeals, April 27, 1891.

1. **Married Women**: SEPARATE PROPERTY : PLEADING : DEFECTIVE
PETITION CURED BY ANSWER. Before the contract of a married
woman can be of any validity, she must, at the time of making the
same, be possessed of a separate estate ; and a plaintiff must allege
and prove the existence of such estate at the date of the contract.
The petition in this case *held* to sufficiently allege such fact ; and,
if not, such alleged defect is cured by the allegations of the
answers, construed under the rule that a pleading should be taken
in its plain and ordinary meaning, giving such an interpretation to
it as fairly appears to have been intended.

2. ————: CHARGING SPECIFIC PROPERTY OR HER SEPARATE ESTATE
GENERALLY. If a married woman shall make a definite or express
mortgage in writing, pledging certain of her separate property to
secure an obligation, then resort can be had to none other ; but,
when she makes a contract, as, for instance, of hiring, with noth-
ing on the face thereof pledging specific property, she is presumed
in equity to charge thereby all her separate property.

3. ————: EVIDENCE AND FINDING : STOCK OF GOODS CHANGING :
DESCRIPTION. *Held:* The evidence in this case supports the find-
ing, that, as it was a stock of goods as a whole, that became charged
with the payment of plaintiff's claim, the selling of some articles
and the substituting of others will not have the effect of destroy-
ing the rights of the plaintiff, and that the description of the goods
in the decree as being of a certain general character, located in a
certain store, is sufficient.

*Appeal from the Cass Circuit Court.*—HON. CHARLES
W. SLOAN, Judge.

AFFIRMED.

*R. T. Railey*, for appellants, E. Leivy and C.
Landauer.

(1) In January, 1889, a married woman's contract,
under the laws of this state, was absolutely void, unless

she was possessed of a separate estate at the time of making same. *Bank v. Collins*, 75 Mo. 281; *Arnold v. Brockenbrough*, 29 Mo. App. 637, 638; *Lee v. Cohick*, 39 Mo. App. 675. (2) If it is necessary to show that defendants had a separate estate in January, 1889, when the contract is alleged to have been made, then *a fortiori* it was necessary for plaintiff to allege in his petition that they were the owners of a separate estate at the time. The petition contains no such averment, and it, therefore, fails to state a cause of action. *Lee v. Cohick*, 39 Mo. App. 674, 675; *Coon v. Brook*, 21 Barb. 548; *Rippin v. Jones*, 52 Ala. 161; *Ravissies v. Stoddart*, 32 Ala. 579; *Arnold v. Brockenbrough*, 29 Mo. App. 637, 638; *Gabriel v. Mullen*, 30 Mo. App. 469. (3) Where a contract, like the one at bar, deals with specific property of a married woman, the presumption of law is that she intended to charge that property alone, if any charge is created at all. *Kimm v. Weippert*, 46 Mo. 545; *Kimball v. Silvers*, 22 Mo. App. 528; *Seifert v. Jones*, 84 Mo. 597; *Maguire v. Maguire*, 3 Mo. App. 463. (4) The court committed error in admitting the contract in evidence. Its execution was denied, under oath, by E. Leivy and C. Landauer. There is not a scintilla of evidence in the case to show that they ever saw the contract sued on, or ever authorized anyone to sign same for them. *Fechheimer v. Pierce*, 70 Mich. 441; R. S. 1879, sec. 3296; *Mill Co. v. Brundage*, 25 Mo. App. 275; *Rogers v. Bank*, 69 Mo. 560; *Blair v. Railroad*, 89 Mo. 391. (5) The amended petition, on which the case was tried, was filed at January term, 1890. There is not a scintilla of evidence in the case tending to show that Mrs. Leivy and Mrs. Landauer have owned any of the goods mentioned in decree since the mortgage was foreclosed, in December, 1889. Nor have they ever been in possession of same since that date. (6) There is not a single word in the entire record which shows that these defendants owned any of the property mentioned in said decree, on January 4, 1889. There is not a scintilla of

evidence in the case showing that these goods are charged. (7) In proceedings *in rem*, the property sought to be charged should be described with such particularity that it can be identified. We, therefore, insist that the decree is wholly unsupported by the evidence ; that the description of the property in said decree is void for uncertainty ; that the property mentioned in decree cannot be determined, upon an inspection of the petition, to be the same property therein described ; the description of the property, in both petition and decree, in proceedings *in rem*, is void for uncertainty.

*James T. Burney*, for respondent.

(1) Pleadings are not to be construed most strongly against the pleader, but are to be given their natural and reasonable interpretation, so as to give effect to the meaning of the author. *Stillwell v. Hamm*, 97 Mo. 579. (2) An omission to state a material allegation in the petition may be supplied by the pleading of the opposite party. Bliss on Code Pleading, sec. 437 ; *Garth v. Caldwell*, 72 Mo. 622; *Donaldson v. Butler Co.*, 98 Mo. 163; *Henry v. Sneed*, 99 Mo. 407. (3) By entering into a contract, a married woman was, under the equity rule, presumed to intend to charge all of her separate property for the payment of the obligation incurred. *Coates v. Robinson*, 10 Mo. 757 ; *Whitesides v. Cannon*, 23 Mo. 457 ; *Tuttle v. Hoag*, 46 Mo. 38 ; *Miller v. Brown*, 47 Mo. 506 ; *Seifert v. Jones*, 84 Mo. 591 ; *Rosenheim v. Hartsook*, 90 Mo. 363. (4) When defendants stand on a demurrer to the evidence, every inference fairly deducible from the testimony should be indulged in favor of plaintiff. *Buesching v. Gaslight Co.*, 73 Mo. 220 ; *Frick v. Railroad*, 75 Mo. 596 ; *O'Hare v. Railroad*, 95 Mo. 662 ; *Ecton v. Ins. Co.*, 32 Mo. App. 53. (5) This court will not reverse the judgment of the lower court, unless there is error which works appellants a substantial injury. 1 R. S. 1889, sec. 2113.

GILL, J.—A fair understanding as to the nature of this case may be gathered from the following statement of the pleadings in the case made by defendants' counsel:

This is a proceeding in equity, to subject the separate estate of Elizabeth Leivy and Caroline Landauer to the payment of the amount alleged to be due plaintiff, for his services rendered in behalf of said defendants, and damages alleged to have been sustained by him, on account of the breaches of contract sued upon. It is alleged in petition, that on January 4, 1889, plaintiff entered into a written contract with defendants, E. Leivy and C. Landauer, by the terms of which said defendants agreed to furnish plaintiff their house and farm in Cass county, Missouri, belonging to said defendants, from March 1, 1889, to March 1, 1890; and, also, to furnish said plaintiff feed for his team and four head of hogs; and also milk cows enough to furnish butter to plaintiff; and also were to pay plaintiff $25 per month for wages for himself and team, for one year, commencing March 1, 1889; that plaintiff was to cultivate the crops with his own team, and do such work for said defendants as they desired done, and to furnish certain farm tools, set forth in written contract; that plaintiff was to board himself, raise chickens and furnish eggs therefrom to defendants, and also to furnish said defendants the butter made in excess of that which was needed for plaintiff's own use; that said contract was made under the seal of both defendants and their husbands; that plaintiff took possession of said house and farm, and worked for defendants from March 1, 1889, to October 18, 1889, and complied with all the terms and conditions of said contract upon his part; that said defendants failed and refused to comply with their part of said contract, in this, that on October 18, 1889, they discharged plaintiff without cause from their employ, sold their corn and cows, refused to furnish any cows for milk, or to furnish any corn for hogs,

and refused to permit plaintiff to work for them longer; and refused to further comply with the contract upon their part. It is then alleged in the petition, that defendants are married to their codefendants, and are, and were at said date, the owners of a large amount of personal property, merchandise, clothing, etc., in their storehouse in Harrisonville, Cass county, Missouri, and also a piano, an organ and a large amount of household property, in said Harrisonville, Missouri, which is, and was, the sole and separate property of said E. Leivy and C. Landauer; that at said date, October 18, 1889, defendants were indebted to said plaintiff in the sum of $42.15 for past services, as a laborer for hire under said contract; that by reason of the defendants' failure to carry out the contract, and by reason of their conduct in discharging him, he has been damaged in the sum of $121.60, and in all in the sum of $163.75, by which a lien and charge is created upon said property, for which judgment is prayed.

The amended answer contains a general denial, and then avers that all the real and personal property mentioned in said contract was owned by said E. Leivy and C. Landauer, as their separate estate. It is further averred that all the real estate and personal property mentioned in said contract, as well as all the personal property, merchandise, clothing, etc., in their storehouse at Harrisonville, Cass county, Missouri, was sold and disposed of by the said defendants to their creditors, prior to the filing of the amended petition herein, and that they are not now the owners, either jointly or separately, of any of the property mentioned in said petition; that by reason thereof the court has no jurisdiction over them, etc. The execution of the contract sued on was put in issue by defendants' denial under oath.

The reply denied the allegation of new matter in the answer, except as to the allegation of partnership between defendants, and the ownership of the property,

etc.   A decree was rendered in favor of the plaintiff for the full amount claimed in the petition, charging a certain lot of clothing and other described merchandise with the payment thereof, etc.   Defendants, on an unsuccessful motion for new trial, have appealed to this court.

I.   We shall now proceed to notice in detail the various reasons assigned for reversal.   The first point suggested is, that the petition fails to aver that in January, 1889 ( the date of the contract alleged to have been executed by these married women ), the said defendants were at the time the owners of separate property.   There is no question, as counsel claim, that, before the contract of a married woman can be of any validity, she must, at the time of making the same, be possessed of a separate estate.   It is only from this fact, the existence of this separate property, that the contract of a married woman can be considered of any force or effect whatever.   No authorities are required to sustain this well-understood doctrine.   Plaintiff, then, was bound to prove and allege the existence of such estate in these defendants at the date of the contract.   Was this fact sufficiently alleged in the petition?   We hold that it was.   The petition first sets out that on January 4, 1889, the contract was entered into whereby plaintiff was engaged to work and manage the farm for the year beginning March 1, 1889 ; that plaintiff entered upon the work and continued the same till discharged in October following.   Then follows in a separate clause this allegation :   "That defendants are married to their codefendants, as aforesaid, and are, and were at said date, the owners of a large amount of personal property, merchandise, clothing, etc., in their storehouse at Harrisonville, Cass county, Missouri, and also a piano, an organ and a large amount of household property, in said Harrisonville, Missouri, which is, and was, the sole and separate property of the said Elizabeth Leivy and Caroline Landauer."   It was evidently the purpose of

the pleader, in the use of the words "said date," to designate January 4, 1889, when said contract was made. But even admitting the petition to be defective in this respect it has been cured by the allegations of the answer. It is there declared that "said defendants for further defense state, that they were engaged in the mercantile business on the fourth day of January, 1889, in Harrisonville,.Missouri, under the firm-name and style of E. Leivy & C. Landauer, and continued in said business until about the first day of December, 1889, when said copartnership ceased to exist; that the real estate, mentioned in plaintiff's petition, was owned and held during the period aforesaid by said firm of Elizabeth Leivy and Caroline Landauer as their sole and separate estate, and as *a part of the assets of said copartnership;* that all of the personal property mentioned in the alleged contract sued on also belonged to said firm of Elizabeth Leivy and Caroline Landauer, and was owned by them as their sole and separate estate aforesaid; that all of said property, both real and personal, mentioned in said contract sued on, as well as all the personal property, merchandise, clothing, etc., in their storehouse in Harrisonville, Cass county, Missouri, was sold and disposed of by said Elizabeth Leivy and Caroline Landauer to their creditors prior to the filing of the amended petition herein, and that they are not now the owners, either jointly or separately, of any of the property mentioned in said petition; that by reason thereof this court has no jurisdiction over them, and they ask to be discharged with their costs herein."

Defendants say in their answer that the farm and personal property thereon was their sole and separate property, and *were a part of the assets of said copartnership business.* Is it not fair to conclude, from this statement, that *all* the assets of said copartnership business (the stock of goods and all included) were of the same nature, held by the same title, and were owned by defendants as their sole and separate property? This

was clearly the construction of the answer at the time by the plaintiff, since in the reply it was admitted "that the defendants were, at the date named, partners, and were at the time alleged the owners of the property in the answer described as their separate property." Construing defendants' answer then in the light of the reasonable doctrine lately announced by our supreme court, that the pleading should be taken in its plain and ordinary meaning, giving such an interpretation to it as fairly appears to have been intended, we are of the opinion that said answer, by necessary implication at least, declares that the stock of goods in the store at Harrisonville was, as the farm, the sole and separate property of defendants. *Stillwell v. Ham*, 97 Mo. 579; *Donaldson v. Butler Co.*, 98 Mo. 163.

II. The next point may be thus stated: It is contended, in effect, that, because of the terms of the contract between plaintiff and defendants, the plaintiff's engagement had relation to the *farm*, and not to the stock of the merchandise; then the presumption of the law is that defendants only meant to charge the farm, and resort cannot be had to the stock of goods. There can be no question, in the abstract, to the correctness of the principle invoked by defendant's counsel, but in our opinion it has no room for application here. The rule sought to be enforced is this: If a married woman shall make a definite or express mortgage in writing, pledging certain of her separate property to secure an obligation, then resort can be had to none other, and this is the extent of the decisions cited by counsel. *Kimm v. Weippert*, 46 Mo. 545; *Seifert v. Jones*, 84 Mo. 597; *Kimball v. Silvers*, 22 Mo. App. 528.

In all these cases the married woman had in express terms in writing (by mortgage, etc.) pledged certain described property for the payment of her obligation, and it was held that the creditor was confined to such property. The reasons for the rule, as well as the distinction between that class of cases and the one we have

here, are well defined by MARTIN, Commissioner, in *Seifert v. Jones, supra.* He says: "I am well aware that she must be regarded as charging her separate estate in the act of contracting an obligation, unless a contrary intention is evidenced by her contemporaneous writing. The charge is implied in the act of contracting the obligation. But if she, in writing, makes an express charge of the obligation upon other property, nothing is left to implication, and the implied charge does not arise." Quite different from this class of cases is the one at bar. There is nothing on the face of the contract here under review pledging defendants' farm ( a portion of their separate property) to the payment of their obligation to plaintiff. The only charge is one arising by implication. By entering into this contract of hiring with plaintiff the defendants are presumed in equity to charge thereby all their separate property by them possessed. *Coates v. Robinson,* 10 Mo. 757; *Whitesides v. Cannon,* 23 Mo. 457.

III. Several of the matters urged against the judgment of the lower court relate to the sufficiency of the evidence to sustain the court's finding. We have carefully examined the testimony as contained in the record and fail to discover any reason for defendants' complaint. The evidence to sustain the authority of E. Leivy to represent these defendants in the making of the contract in suit is ample. Mr. Leivy seems to have been invested with the fullest powers to manage and conduct their business, not only in relation to the mercantile business, but the farm as well. The evidence, too, tends to show that they had full knowledge all the time of his acts. There is one matter only in the finding of facts by the court, about which there seems any color of right to complain, and that is, that the defendants, Elizabeth Leivy and Caroline Landauer, at the time of entering into the contract with the plaintiff owned the said clothing, etc., named in the decree. But, however that may be, whether they then owned

Dunn v. The Mo. Pac. Ry. Co.

these identical goods, or owned others for which these stand as a substitute the result is all the same. It was clearly the one way or the other; and, stating it most strongly for defendants, if they had a certain stock of clothing, piece goods, etc., in their store when they made this contract, and the same was, as must be admitted, their separate property charged with the payment of their obligation, then it cannot be justly contended that because the stock may have changed by selling and buying, the plaintiff's right to charge the same was thereby lost. It is the stock of goods as a whole that becomes charged with the payment of plaintiff's claim, and the selling of some articles and substituting others will not have the effect of destroying the rights of the plaintiff. *Lee v. Cohick,* 39 Mo. App. 675. If the decree had charged more goods than can be found it does no harm to the defendants. The description, too, of the goods charged is based on sufficient evidence, and is about as complete as could be made. They are described as goods of a certain general character located in a certain store.

We have considered every point made by defendants' counsel, and have given expression to our views on such as we deem proper. In our opinion the judgment of the circuit court was clearly for the right party, and should be affirmed. It is so ordered. All concur.