**MORRIS PLAN COMPANY, Respondent,**

v.

**EXCELSIOR ESTATES, INC., et al., Appellants.**

No. 59154.

Supreme Court of Missouri,
En Banc.

Sept. 13, 1976.

Wendell E. Koerner, Jr., St. Joseph, for respondent.

Dennis G. Muller, Muller & Muller, Kansas City, for appellants.

FINCH, Judge.

This is an appeal from a summary judgment in a replevin action instituted under

§ 533.010.[1] That judgment granted possession of a mobile home to Morris Plan Company (plaintiff) and dismissed a counterclaim for damages filed by Excelsior Estates, Inc. (Excelsior or defendant). Excelsior appealed to this court, asserting jurisdiction on the basis that the taking and detention of the mobile home under an order of delivery issued by the clerk, without prior notice or an opportunity to be heard, was violative of defendant's constitutional right to due process under the fourteenth amendment to the U.S. Constitution. We affirm.

Mr. and Mrs. Richard West purchased a mobile home which they financed under a security agreement with plaintiff. They then placed that home on a lot which they held under a contract for purchase with defendant. Thereafter, following default under the security agreement, plaintiff sought and obtained judgment against the Wests for possession of the mobile home.[2]

The Wests also defaulted on their contract to purchase the lot from defendant and it then sought and obtained a judgment against the Wests for rent and possession of said lot. The defendant's attorney then advised plaintiff's attorney that defendant was making claim to the mobile home.

On March 6, 1973, plaintiff commenced the present suit in replevin against Excelsior and some people by the name of Gibson.[3] The verified petition therein alleged that a judgment of possession had been obtained by plaintiff against the Wests, that plaintiff thereby became entitled to possession of the mobile home, that defendant, through its attorney, had notified plaintiff's attorney that defendant was making a claim to the mobile home and was denying plaintiff's right thereto, that plaintiff had been damaged by Excelsior's wrongful taking and retention of the mobile home, that plaintiff was in danger of losing said property unless possession was restored to it and that if possession of the mobile home could not be restored to plaintiff, it should recover from defendant the sum of $8,000, the value of the mobile home, plus damages.

Based upon the verified petition and without notice to defendants or a hearing being accorded to them, the clerk issued an order of delivery for immediate seizure of the mobile home. Acting pursuant to that order, the sheriff seized the mobile home and delivered it to plaintiff.[4]

Excelsior then moved the court to order redelivery of the property, claiming that issuance of the order of delivery without notice and hearing violated due process, that the order of delivery was void because the affidavit by plaintiff was insufficient under § 533.010, and that the replevin petition failed to state a cause of action. The trial court overruled this motion, after which defendant sought from the Missouri Court of Appeals, Kansas City District, a writ of mandamus directing the trial court to order redelivery of the property. The court of appeals issued its alternative writ of mandamus, on receipt of which the trial court, on June 4, 1974, entered its order for

---

1. All statutory references are to RSMo 1969 unless indicated otherwise.

2. The writ of replevin was delivered to the sheriff who attempted to execute it on December 29, 1972, but because of the weather and condition of the roads, he was unable to obtain possession of the mobile home. Apparently, there was no further attempt to execute that writ.

3. The petition does not make clear why the Gibsons were named as defendants. It simply alleges "that defendants are the operators and managers of a certain mobile home addition in Ray County".

In addition to answering, Scott Gibson filed a counterclaim in which he asserted that he owned a certain road grader which was located in the mobile home addition where the West's mobile home was located. He alleged that plaintiff, after wrongfully entering the property, operated and damaged the grader. However, Gibson later dismissed that counterclaim without prejudice and the Gibsons are not parties to this appeal.

4. The petition in replevin, in addition to seeking possession of the mobile home, sought an air conditioner and washer/dryer with which it was equipped, but the sheriff's return recited that these had been removed before he took possession under the order of delivery.

plaintiff to redeliver the property to defendant.

Plaintiff did not return the mobile home to Excelsior and on June 20, 1974, defendant moved the court to dismiss plaintiff's petition because of plaintiff's failure to redeliver in accordance with the order of June 4, 1974. The court overruled this motion and set the case for trial on the merits on July 23, 1974. Thereafter, defendants answered and filed their respective counterclaims.

On July 23, 1974, the date the case was set for trial, a pretrial conference was held. The transcript of that conference includes the following:

"THE COURT: All right, now I will ask Mr. Muller to state what he will stipulate.

"Mr. Muller: Yes, we have agreed that as far as the plaintiff's claim to possession on the date of the filing of the petition, that they had a right to possession.

"That in stipulating to this, we wish to preserve the right to try the issues of the right of the defendant's possession to notice and opportunity to be heard on their claim which has been made prior to the time of the filing of the suit.

"That the real estate—that the mobile home was a part of the real estate.

"The effect is as far as the basic claim of the possession is concerned, at the time of the filing of the suit, the plaintiffs were entitled to it.

"Mr. Koerner: All you are saying then is, you are asking to preserve the right to be heard on the issues of the defendant's right to a hearing, but you are conceding that his claim for possession did not give him a superior claim to the plaintiff.

"His ground that it has become part of the real estate did not give him the superior right of possession.

"Mr. Muller: Right."

Additional discussion followed during which the following also appears:

"Mr. Muller: I want to preserve the fact that we did make a claim that apparently Calvin thought was the legal right to possession at the time he made it and you can argue—you have the right to agrue [sic] that you had a claim that you are the owner of the property.

"Mr. Sloan: You are stipulating that on March 6, 1973, that the Morris Plan Company had the superior right of possession, and you are holding in reserve the right to raise the issues, if any, of the wrongful taking, after the ruling by the Kansas City Court of Appeals, and any damage that might apply thereto?

"Mr. Muller: Right, yes."

At the conclusion of the pretrial conference, the following order was entered:

"Now on this 23rd day of July, 1974, come the parties hereto by counsel. Also comes the jury heretofore summoned. Both Plaintiff and Defendants are granted leave to file Amended Pleadings. Defendants stipulate that Plaintiff had a superior right to possession of chattels described on the date of filing suit. Parties stipulate that issues under the counterclaim herein be continued pending decision of Kansas City Court of Appeals on action for Order for Mandamus. Wherefore it is by the Court ordered that the above cause be continued, and the jury is discharged."

On January 7, 1975, plaintiff filed a motion asking the trial court to render summary judgment for plaintiff on its petition in replevin and on defendants' counterclaims. Thereafter, on January 17, 1975, the court sustained said motion for summary judgment, thereby granting possession to plaintiff and dismissing Excelsior's counterclaims. The judgment recited the fact that the writ of mandamus previously issued by the court of appeals had been dissolved. The counterclaim of Scott Gibson for damages to his property was not disposed of by said summary judgment. It was ordered set for trial but subsequently Gibson dismissed it.

Subsequently, the trial court overruled Excelsior's motion to set aside the order allowing summary judgment and defendants appealed. The notice was not timely

filed but leave for late notice of appeal was granted.

In claiming that plaintiff's prejudgment seizure of the mobile home from defendants' possession was an unlawful taking of property without due process of law, the first point asserted on appeal, defendant relies primarily on *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); and *State ex rel. Williams v. Berrey,* 492 S.W.2d 731 (Mo. banc 1973). *Fuentes* holds that procedural due process requires notice and an opportunity to be heard before a state may authorize prejudgment seizure of property in the possession of one person upon application of another. *North Georgia Finishing* applies that same basic principle so as to require notice and hearing in garnishment proceedings. *Berrey,* on the basis of *Fuentes,* held that before an order of delivery is made following the filing of a petition in replevin, the judge (not the clerk) must hold a prejudgment hearing and must make a finding of the probable validity of plaintiff's claim.

■ The underlying objective of requiring notice and hearing in situations such as those in *Fuentes, North Georgia Finishing,* and *Berrey* is to provide a mechanism whereby a judicial officer can and does determine in advance of the requested delivery of possession that such delivery will not result in arbitrary and unfair deprivation of the possession which defendant then has. This basic purpose was articulated in *Fuentes v. Shevin,* 407 U.S. at p. 97, 92 S.Ct. at 2002, when the court said:

" * * * Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, however, it is axiomatic that the hearing must provide a real test. '[D]ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity, or at least the probable validity, of the under-

lying claim against the alleged debtor *before* he can be deprived of his property . . . .' *Sniadach v. Family Finance Corp., supra,* 395 U.S. at 343, 89 S.Ct. at 1823 [23 L.Ed.2d 349]. (Harland, J., concurring). * * * "

The same thought was expressed earlier in that same opinion, 407 U.S. at p. 81, 92 S.Ct. at 1994, in these words:

" * * * For when a person has an opportunity to speak up in his own defense, and when the State must listen to what he has to say, substantively unfair and simply mistaken deprivations of property interests can be prevented. * * * "

■ In this case plaintiff admits that the seizure of the mobile home was without notice or a prior hearing (or even the immediate post-seizure hearing approved in *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974)). Even so, we conclude that defendant is not entitled on the authority of *Fuentes, North Georgia Finishing* or *Berrey* to relief in this case. This is so because in a pre-trial conference held July 23, 1974, Excelsior admitted and stipulated that on March 6, 1973, the date the replevin suit was filed and possession was obtained, plaintiff had a right to possession of the mobile home and that said right was superior to whatever claim to possession Excelsior had.[5]

If, when plaintiff filed its replevin action, Excelsior had actually received notice and a hearing had been held, the purpose thereof would have been to enable the judicial officer to determine whether at that time plaintiff was entitled to possession. This would have given defendant the opportunity to show that it possessed a superior right of possession. In other words, the hearing would have been to prevent defendant from being unfairly and mistakenly deprived of the possession which it then had. By its admission and stipulation, defendant Excelsior has furnished the answer which said hearing would have sought. That answer,

5. For the same reasons, *Guzman v. Western State Bank of Devils Lake, No. Dak.,* 516 F.2d 125 (8th Cir. 1975), is inapplicable.

as shown by the stipulation, was that plaintiff, not Excelsior, had the superior right to possession of the mobile home. In other words, that which would have been determined by the hearing called for by *Fuentes* and *North Georgia Finishing* has been supplied by the admission and stipulation of Excelsior. Following that stipulation there was no dispute as to the right of plaintiff to possession at the time of the taking under the writ of replevin. Under such circumstances, defendant has conceded by its admission that even though the taking was without notice or hearing, there was not a taking which unfairly or mistakenly deprived it of possession to which it was entitled. Accordingly, we overrule defendant's first assignment of error.

■ For a second point defendant urges that plaintiff failed to comply with the requirements of § 533.010 with respect to filing an affidavit showing certain factual information.[6] Such a deficiency, argues defendant, was jurisdictional and made the seizure of the mobile home fatally defective. In support of that contention, it cites *Kimball v. Silvers,* 22 Mo.App. 520 (1886), for the proposition that such affidavit is "in the nature of a jurisdictional fact, or act, that must precede the order of delivery". It is true that the court used the quoted language, but defendant's brief fails to take cognizance of what the court said immediately thereafter at p. 525:

"But the statute provides that this affidavit may be made at the time of filing the petition, 'or at any other time afterwards, before the rendition of judgment in the cause'.

"So, regarding the first affidavit as no affidavit, the plaintiff, or any one in his

behalf, had the right to make the required affidavit at the time the second one was made. By section 3845, it was then the duty of the court to make the order of delivery. So had the court sustained the defendant's motion upon the presentation of the proper affidavit it was bound to make the delivery order, under which the sheriff would have been required to retake the property and restore it to the plaintiff. Why then go through the idle ceremony of first sustaining the motion, and in the next instant order the sheriff, before he could get out of the court house, to retake it? It is no answer to this fruitless form to say that defendant could not give a forthcoming bond and retain the property under the first affidavit, because had he done so, it would have been a recognition of the validity of the affidavit. Conceding this to be correct, which we do not decide, what loss would he have sustained between the sustaining his motion, had it been sustained by the court, and the making of the second affidavit? The law requires no idle ceremonies. *State ex rel. v. Koontz,* 83 Mo. 323. It looks to substance rather than to empty form."

While it is true that plaintiff did not file a separate affidavit when he filed his petition in replevin and defendant argues that the verified petition did not fully comply with the statute, plaintiff did, in fact, file an affidavit thereafter on October 18, 1973, which was before the judgment was entered. This is permitted by the language of § 533.010, just as it was at the time *Kimball* was decided. Defendant makes no complaint about the contents of that affidavit. Under such circumstances we find no basis

---

6. Sec. 533.010 provides as follows:

"If the plaintiff claim in his petition the possession of specific personal property, he may, at the time of filing his petition, or at any other time afterward, before the rendition of judgment in the cause, file his affidavit, or the affidavit of some other person in his behalf, showing:

"(1) That the plaintiff is the owner of the property claimed, sufficiently describing it, or is lawfully entitled to the possession thereof;

"(2) That it is wrongfully detained by the defendant;

"(3) The actual value thereof;

"(4) That the same has not been seized under any process, execution or attachment against the property of the plaintiff; and

"(5) That plaintiff will be in danger of losing his said property, unless it be taken out of the possession of the defendant, or otherwise secured. (R.S.1939, § 1788)."

for giving relief to defendant on this assignment, particularly in view of defendant's stipulation that plaintiff was entitled to possession of the mobile home at the time it was seized under the writ of replevin and that such right was superior to any claim to possession by defendant.

■ Defendant next argues that in a replevin action a right to possession at the time of trial prevails over a right of possession when the action was filed. It contends that notwithstanding its judicial admission that plaintiff had a superior right of possession when suit was filed, summary judgment for plaintiff should not have been entered because when said summary judgment was entered, defendant had a superior right to possession. This contention is based solely on the fact that on June 4, 1972, the trial court, acting pursuant to the court of appeal's alternative writ of mandamus, ordered plaintiff to redeliver the mobile home to defendant. That right, says defendant, continued to exist at the time summary judgment was entered.

We conclude that defendant's position is not tenable. In the trial court's view, the order of June 4, 1972, for redelivery of the property was not in effect when summary judgment was entered. When summary judgment in favor of plaintiff was entered on January 17, 1975, the trial court noted specifically therein that said writ of mandamus (pursuant to which the order of redelivery had been entered) had been dissolved by the court of appeals. Said judgment did not specifically state that the order of redelivery of June 4, 1972, was or had been rescinded, but subsequently, in overruling defendant's motion to set aside the summary judgment, the trial court stated that dismissal of the writ of mandamus should be considered as nullifying any claim of defendant to a right of possession under the prior redelivery order. Hence, the trial court has ruled that defendant did not, when summary judgment was entered, have a right to possession of the mobile home under the redelivery order. The record does not justify us in holding otherwise.

We conclude that what occurred with reference to the redelivery issue did not nullify the effect of defendant's admission that plaintiff had a superior right to possession of the mobile home, nor does it entitle defendant to reversal on this appeal.

Judgment affirmed.

SEILER, C. J., and MORGAN, HOLMAN, BARDGETT and HENLEY, JJ., concur.

DONNELLY, J., concurs in result.