**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ray G. WINDMILLER,
Defendant-Appellant.**

No. 39193.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1979.

Paul E. Williams, Bowling Green, for defendant-appellant.

James Millan, Pros. Atty., Bowling Green, John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Presiding Judge.

Appellant was found guilty of murder in the second degree by a jury in the Circuit Court of Pike County and sentenced to serve ten years in the custody of the Department of Corrections. He appeals.

Appellant contends that the trial court erred: (1) in denying him the right to call character and behavior witnesses; (2) in admitting into evidence certain photographs of the victim; and (3) in permitting an unqualified expert witness to testify.

It is unnecessary to recite the facts in detail. Appellant admitted that he killed his wife and based his defense on mental disease or defect excluding responsibility. § 552.030, RSMo 1969.

The judgment is reversed and the cause remanded for a new trial because of the error of the trial court in denying appellant the right to call character and behavior witnesses.

During the pretrial proceedings the state on May 18, 1976 filed a "Motion for Disclosure" under Rule 25.34 requesting the defendant to disclose, among other things, the names and last known addresses of persons he intended to call as witnesses.

Rule 25.34 was adopted October 9, 1973, effective July 1, 1974, and required the defendant to disclose to the state, among other things, "the names and last known addresses of persons, other than defendant, who defendant intends to call as witnesses . . . ." The heading of the rule at that time was "Disclosure by Defendant to State Upon Court Order Without Exercise of Discretion by Court." This version of the rule was in effect at the time of the state's motion.

Rule 25.34 was amended on May 6, 1976, effective January 1, 1977, by changing the heading to read "Disclosure by Defendant to State Without Court Order" and by prescribing the method to be used in making the requests provided for by the rule.

Appellant on October 8, 1976 answered the state's motion for disclosure in part as follows:

2. Counsel for Defendant states that the only witnesses, other than the technical witness above described and witnesses endorsed by the State, that Defendant intends to testify are family, friends, and co-workers, all in the local area, the exact name and number of which is yet unknown.

On March 10, 1977, five days before trial, appellant sent a letter to the deputy court clerk listing names and addresses of witnesses whom he intended to call and sent a copy of the letter to the state which was received on March 14, 1977, one day prior to trial.

The question is whether, in view of its heading, the rule in effect at the time the request for disclosure was made required a court order to make it mandatory that appellant reveal the names and addresses of the witnesses he proposed to call. There was neither a court order to the appellant requiring a disclosure nor a request for a court order by the state.

■ The rules of construction are the same for supreme court rules and legislative enactments. *Gooch v. Spradling*, 523 S.W.2d 861, 866[4–6] (Mo.App.1975). The official title to a statute is a portion thereof and must be considered in construing the meaning and purpose of the statute. *Bullington v. State*, 459 S.W.2d 334, 341[3] (Mo. 1970). The heading of a supreme court rule is not similar to a chapter or paragraph heading in a statute which is supplied by a clerk or the reviser of statutes, but instead is comparable to the official title of a statute. It is an integral part of the rule itself as it is adopted by the supreme court and promulgated in the Southwestern Reporter and the Annotated Statutes. Just as the title to a statute is adopted by the legislature so also the heading of a supreme court rule is adopted and promulgated by the supreme court and should be considered in ascertaining the purpose and intent of the rule.

No Missouri cases have been cited, and none found, which speak to this point, but it is only rational, giving weight to the rule of statutory interpretation, that rule headings, as adopted by the supreme court along with the body of the rule, be taken into consideration in interpreting the rule.

■■ The change in the heading from "Disclosure Upon Court Order" to "Disclosure Without Court Order" meant something. At best, the rule as it read at the time of the state's request for disclosure was ambiguous. Any ambiguity should be resolved in favor of an appellant whose right to a fair trial may depend upon the interpretation placed upon the rule. Counsel for appellant was entitled to rely upon the rule as it was written and effective in

1976 when the request for disclosure was filed.

Was the denial by the trial court of appellant's request to call the witnesses in question prejudicial to appellant's defense? Counsel for appellant repeatedly moved to permit the calling of the character witnesses "in support of the psychiatric evidence that will be introduced in this case." In his offer of proof counsel stated the evidence would support the testimony of Dr. Thomas D. Manglesdorf, a psychiatrist, and that it would be directed to the character and behavior of appellant preceding the incident and would show a marked change in the attitude, demeanor and personality of appellant during the last few months before the offense for which he was charged. The testimony was intended to lend support to the formal plea of not guilty by reason of mental disease or defect excluding responsibility.

■ It is possible that witnesses familiar with the lives and behavior of the appellant and his victim might have influenced the jury to consider more favorably appellant's defense. Therefore, the trial court's ruling was prejudicial.

The state argues that the trial court properly invoked the sanctions allowed by Rule 25.45 in refusing to allow the witnesses to testify and maintains the refusal was not fundamentally unfair to appellant.

Rule 25.45 reads as follows:

Sanctions

If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances. Wilful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court. (Adopted Oct. 9, 1973, eff. July 1, 1974).

■ Here counsel was not guilty of a wilful violation, nor did appellant fail to comply with the rule, given the language of the rule heading which appellant was entitled to interpret as requiring a court order to disclose the names of the witnesses. Therefore, Rule 25.45 did not apply.

■ Even if Rule 25.45 were applicable, the state admits in its brief that the question to be considered would be whether the trial court's exclusion of the witnesses was fundamentally unfair to appellant. Because it deprived appellant of a quantum of evidence in support of his sole defense, the exclusion of the behavior witnesses was fundamentally unfair to him.

■ The state further contends that because appellant filed a written answer to the state's disclosure motion, appellant placed himself under the rule and was required to comply with the rule in its entirety. This argument is defeated by the fact that appellant was entitled to rely on the rule in its entirety which included the heading which requires disclosure on court order. The case cited by the state to support its argument, *State v. Burton*, 544 S.W.2d 60 (Mo.App.1976), is distinguishable on the facts.

The trial court erred in not permitting appellant to call the character and behavior witnesses and, for this reason, the cause must be reversed and remanded for a new trial.

Because they will be raised again upon retrial, the other two points relied upon by appellant will be discussed briefly.

■■ Appellant complains that the trial court erred in permitting the introduction into evidence of certain photographs depicting the victim and the hatchet which was used in the killing. The admission of photographs lies within the discretion of the trial court and error can be found only if the discretion is abused. *State v. Jones,* 515 S.W.2d 504, 506 (Mo.1974). Here the photographs tended to corroborate oral testimony of the state's witnesses [*State v. Jackson,* 499 S.W.2d 467, 472 (Mo.1973)] and there was no abuse of discretion.

Appellant finally contends that the trial court erred in permitting Dr. Joe Leggett

to testify as an expert. It is sufficient to say that Dr. Leggett had his M.D. degree and, although he was not certified by the American Psychiatric Association, he had had considerable experience as a psychiatric consultant and had been continuously engaged in psychiatric work for two and one-half years. He had performed approximately 250 psychiatric examinations up to the date of the trial and had examined appellant in December 1975, interviewed him on January 8, 1976 and observed him for a period of several days after the interview.

The question of expert qualifications also is a matter within the discretion of the trial court which may be disturbed on appeal only if the discretion is abused. *State v. Stevens,* 467 S.W.2d 10, 23 (Mo.1971). Here there was no abuse of discretion. The jury could consider Dr. Leggett's qualifications in deciding how much weight to give to his testimony.

The judgment is reversed and the cause remanded.

WEIER, C. J., and SMITH, J., concur.