STATE of Missouri, ex rel. Richard
TALLEN, Relator,

v.

Honorable William J. MARSH,
Respondent.

No. WD 33346.

Missouri Court of Appeals,
Western District.

May 4, 1982.

James S. Formby, Kansas City, for relator.

James B. Lowe, Kansas City, for respondent.

Before SOMERVILLE, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, TURNAGE, CLARK and KENNEDY, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

KENNEDY, Judge.

We issued our preliminary writ of prohibition, by which the defendant judge was prohibited from exercising any further jurisdiction in a replevin case entitled Ford Motor Credit Company, plaintiff, v. Richard G. Tallen, defendant, pending in the Circuit Court of Jackson County. The basic issue in the case is the validity of a prejudgment order of delivery, made by Judge Marsh, under which a Thunderbird automobile was taken from relator Tallen's possession and handed over to Ford Motor Credit Company.

The writ as modified is made absolute.

In the underlying replevin action, Ford Motor Credit sought possession of a 1978 Ford Thunderbird automobile belonging to Mr. Tallen. Attached to the petition filed by Ford Motor Credit was an affidavit which undertook to comply with Supreme Court Rule 99.03. It alleged that it was entitled to possession of the property, and that it was in danger of losing the property unless immediate possession was obtained or the property otherwise secured. We shall return to that affidavit presently.

In pursuance of the affidavit, without any notice or hearing to Mr. Tallen, Judge Marsh entered an "Order of delivery in replevin". Mr. Millen, a deputy of the court administrator's office, armed with the order, went to Mr. Tallen's house in Blue Springs. There was no one home. The car was locked in an attached garage. Mr. Millen secured a locksmith, gained entrance to the garage through the house, took possession of the automobile and delivered the same to Ford Motor Credit. A copy of a notice, required by Rule 99.05, that defendant could retain possession of the automobile by filing a redelivery bond and that he "had the right to request a hearing to determine plaintiff's right to possession of the property", was left in the garage. Mr. Millen had a summons to be served upon Mr. Tallen but he was unable to effect service. The court administrator's return, filed later, showed that from January 23, 1981, to February 22, 1981, he had failed to find Mr. Tallen to serve process upon him. The return has typed into it the explanatory note, "Never able to locate at address given". The *non-est* return is on the same paper as a return describing the execution of the order of delivery.

On February 18, 1981, Mr. Tallen, entering his appearance specially for the purpose, filed a "Motion to quash and hold for naught order of delivery in replevin, to make and enter appropriate order restoring movant to the possession of the chattel seized under the order of delivery issued January 22, 1981, and to dismiss plaintiff's petition in replevin". This motion was unruled when on June 18, 1981, Ford Motor Credit filed its "Motion for order to sell motor vehicle".

Both motions lay unruled until November 25, 1981, when Judge Marsh took up and overruled both of them.

On December 3, 1981, the petition for a writ of prohibition was filed here.

Mr. Tallen's position, presented first to the trial court by his motion to quash the order of delivery, and now to us, is that the order of delivery was void upon three grounds. The first asserted ground is that it was not based upon a preseizure notice and hearing, as required by *Fuentes v. Shevin*, 407 U.S. 67, 96–97, 92 S.Ct. 1983, 2002–03, 32 L.Ed.2d 556 (1972), and by *State ex rel. Williams v. Berrey*, 492 S.W.2d 731 (Mo. banc 1973).

The second asserted ground is that the immediate possession affidavit filed by Ford Motor Credit did not comply with the Supreme Court Rule 99.03 in that it did not state *"facts* showing the party is entitled to the possession of the property". (Emphasis supplied.)

The third ground is that no Rule 99.05 notice was served upon Mr. Tallen before, at the time of, or after the seizure of the automobile, and no service of summons was had upon him as provided by Rule 99.02 and Rule 54.

*Specific facts required to be stated in Rule 99.03 affidavit.*

We find, in accordance with relator's second ground, that the affidavit was insufficient to authorize the order of delivery and that the order of delivery was for that reason void. We hold that the order ought to have been quashed by the trial court and the automobile ordered returned to Mr. Tallen. The preliminary writ of prohibition, as hereafter modified, will be made absolute.

■ The immediate possession affidavit filed in the case by Ford Motor Credit Company stated that it was entitled to possession of the automobile "because of defendant's failure to make required contract payments". We agree with relator that Supreme Court Rule 99.03 requires something more than such a conclusory statement. The rule says the plaintiff's affidavit must state "facts showing the party is entitled to possession of the property". In construing the rule, as we do, to require particularity and amplitude in the statement of the facts, the rule complies with constitutional standards. We are obliged always to place upon a statute (and a court rule for this purpose

is in the same category, *State v. Windmiller*, 579 S.W.2d 730, 732[1] (Mo.App.1979); *Gooch v. Spradling*, 523 S.W.2d 861 (Mo. App.1975)), if the language of such statute or rule allows it, such a construction as will make the statute or rule constitutionally valid, and reject a construction which would make it unconstitutional. *Milgram Food Stores, Inc., v. Ketchum*, 384 S.W.2d 510, 514[2] (Mo.1964), cert. denied 382 U.S. 801, 86 S.Ct. 10, 15 L.Ed.2d 55 (1965); 2A Sands, Statutes and Statutory Construction, § 45.-11, Constitutional Considerations (4th ed. 1973).

We must then, to reach the meaning of Rule 99.03, take up the constitutional requirements for a prejudgment removal of property from defendant's possession.

*Fuentes v. Shevin*, supra, was construed by the Missouri Supreme Court, in *State ex rel. Williams v. Berrey*, supra, to require, before a prejudgment seizure order could be issued, a judicial hearing, upon notice to the defendant. Such hearing should be "aimed at establishing the validity or at least the probable validity, of the underlying claim against the alleged debtor ..." The quoted language appeared in *Sniadach v. Family Finance Corp. of Bayview*, 395 U.S. 337, 343, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969) (Harlan, J., concurring), and was quoted in *Fuentes v. Shevin*, supra 407 U.S. at 97, 92 S.Ct. at 2002, and in *State ex rel. Williams v. Berrey*, supra at 735. So Judge Bardgett in *Berrey* wrote (at 735–736):

It is apparent, however, that a plaintiff who proceeds in replevin and obtains a prejudgment possession order of delivery without complying with the requirements of *Fuentes* will be proceeding under a void order.

It is also clear that the judge, not the clerk, must be the one who issues the order of delivery and before whom the prejudgment possession hearing is held, on notice to the defendant, at which time the judge must make a finding of the probable validity of the plaintiff's underlying claim, before issuing the order of delivery.

Mr. Tallen argues here that *Berrey* is controlling in this case, and that he is entitled to quashal of the order of delivery and to the return of his automobile on the ground that there was no hearing upon notice to him before the order of delivery was made. On the facts *Berrey* and the present case are identical. Mr. Tallen has patterned his trial court attack upon the order of delivery after the defendant/relator's procedure there, and also his application to this court for relief by prohibition.

We do not think *Berrey* is any longer controlling in its requirement that there be a preseizure judicial hearing upon notice to the defendant. After the *Berrey* decision in 1973 the Supreme Court adopted its Rule 99 effective December 1, 1977. That rule was obviously meant to adopt the standards of *Mitchell v. W. T. Grant Company,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). *Mitchell* approved, as against a due process challenge, a prejudgment seizure procedure of Louisiana. The Louisiana procedure authorized a prejudgment seizure upon an ex parte application and (among various other requirements) an affidavit which stated specific facts showing plaintiff's entitlement to possession of the property.

■ It is at this very point—that is, in the statement of specific facts—that Ford Motor Credit's affidavit fails to measure up. To recall the language of the affidavit, it stated:

4. Because of defendant's failure to make required contract payments, plaintiff is entitled to possession of certain property described as follows, to-wit: One 1978 Thunderbird, Serial No. 8J87H115569.

The petition used the same language in stating plaintiff's claim to possession of the automobile.

Viewed as a statement of facts from which is to be made a judicial determination of the validity or probable validity of plaintiff's claim to possession, this affidavit is worthless. Lawyers have learned to be suspicious of conclusory statements. They often conceal more than they reveal.[1] The affidavit here does not say what the contract was, who the parties were, what payments were required to be made, and wherein the payments had not been made. It does not even say that the contract payments were secured by a lien upon the car. It does not attach a copy of the security agreement, if any, or any documentation. (As noted in *Mitchell,* supra at 618–619, 94 S.Ct. at 1905–1906, with respect to the immediate possession affidavit, " . . . documentary proof is particularly suited for questions of the existence of a vendor's lien and the issue of default".)

This lack of evidentiary facts robs the affidavit of its legal force as a basis for the order of delivery. Note the emphasis which *Mitchell* places upon specificity of affidavit facts as required by the Louisiana statute:

"A writ of sequestration is available to a mortgage or lien holder to forestall waste or alienation of the property, but, different from the Florida and Pennsylvania systems, bare conclusory claims of ownership or lien will not suffice under the Louisiana statute. Article 3501 authorizes the writ 'only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts' shown by verified petition or affidavit." 416 U.S. at 616, 94 S.Ct. at 1904.

The court went ahead to observe:

"The approval of a writ of sequestration is not, as petitioner contends, a mere ministerial act. 'Since a writ of sequestration issues without a hearing, specific facts as to the grounds relied upon for issuance must be contained in the verified petition in order that the issuing judge can properly evaluate the grounds.' *Wright v. Hughes,* 254 So.2d 293, 296–297 (La.Ct.App.1971) (On rehearing). To the

---

1. Compare requirement of specificity in supporting and opposing affidavits in our summary judgment practice. Supreme Court Rule 74.04(e). See *Colbert v. Mutual Life Insurance Co.,* 608 S.W.2d 119, 123 (Mo.App.1980).

same effect is *Hancock Bank v. Alexander*, 256 La. 643, 237 So.2d 669 (1970), where the court held that a simple allegation of indebtedness for money due on an automobile, where no deed of trust was referred to or produced, did not satisfy the 'specific facts' test. The court stated:

" '*Strict application* of the rules established for the issuance of conservatory writs has been uniformly required by the Courts in the past. It is implicit in those remedies that they should not be availed of unless the conditions which permit them exist; that is to say, it is a prerequisite to their issuance that proper grounds be alleged and sworn to.' *Id.* at 653–654, 237 So.2d at 672. (Emphasis added.)" 416 U.S. at 616, n. 12, 94 S.Ct. at 1905, n. 12.

We conclude that an affidavit alleging evidentiary facts is required by Supreme Court Rule 99.03, construed as we have construed it to comply with due process standards of *Mitchell.*

*Absence of specific facts in Rule 99.03 affidavit a jurisdictional defect.*

We conclude further that such an affidavit is jurisdictional, and that its absence makes void the order of delivery. We base this upon *Berrey*, which we consider to be authoritative on all its points except, as we have noted, its requirement that a prejudgment order of delivery be preceded by a judicial hearing upon notice to the defendant. Rule 99.03 dispenses with the notice and hearing, and allows the order of delivery to issue upon a proper affidavit. But the absence of an affidavit which fails to allege facts with particularity carries with it the same consequences as followed the absence of a noticed hearing in *Berrey*. Those consequences are the invalidity of the order, and the propriety of relief by writ of prohibition.

We have considered whether the deficiency in the affidavit ought to be treated as an irregularity, good until challenged, and allowed to be amended if found wanting. Other pleadings are so treated. Supreme Court Rule 55.33. Such a view of the defect would tend to place it in the category of non-jurisdictional matters. But this affidavit is in a different category than other pleadings. The absence of specific facts is a fundamental defect which ought not to be allowed to be cured by amendment. We are impressed by the reasoning of the Supreme Court of Louisiana in *Hancock Bank v. Alexander*, 256 La. 643, 237 So.2d 669, 672 (1970):

When the writ of sequestration issues ex parte upon the sworn allegations of the applicant, seizure of defendant's property takes place immediately without any advance notice to him. Since he is unaware of the proceedings until after the seizure, he is totally without power to prevent its accomplishment. If the seizure is unlawful all defendant can do is retain counsel and move for its dissolution and seek damages and attorneys' fees. Thus when the seizure takes place and the defendant employs counsel and moves to dissolve the sequestration his damage is already incurred. It is too late to "cure" these defects after the fact.

Strict application of the rules established for the issuance of conservatory writs has been uniformly required by the Courts in the past. It is implicit in those remedies that they should not be availed of unless the conditions which permit them exist; that is to say, it is a prerequisite to their issuance that the proper grounds be alleged and sworn to.

The proper remedy is quashal of the order of delivery and an order that the automobile be returned to relator.

*Prohibition a proper remedy.*

Respondent argues that relator has an effective remedy by trial and appeal, and that our writ of prohibition ought therefore to be quashed. We do not agree. In the meantime—that "meantime" has already been several months and may be many months more—relator is wrongfully deprived of his property. Prohibition is appropriate. *State ex rel. Williams v. Berrey,* supra.

*Pretermitted questions.*

We pretermit other questions raised in the case. One such question is the effect of the absence of a specific finding by the judge with respect to the facts alleged in the affidavit, mentioned in Rule 99.04, as a basis for the order of delivery. Another such question is the effect of the failure to serve the Rule 99.05 notice at the time of the seizure of the property under the order of delivery, and the failure to serve summons upon the defendant.

*Conclusion.*

Respondent is directed to quash the order of delivery and to order the return to relator of the automobile.[2] The further relief requested by relator, the dismissal of the replevin petition, is denied. Relator does not show us why the petition should be dismissed. He cites only *Berrey*, supra, for that request, but that case did not grant that relief.

All concur.

---

**2.** As noted in *State ex rel. Williams v. Berrey*, supra at 735, mandamus would technically have been the proper relief, but we look past the technical form and fashion the remedy to fit the case.