The **SEYMOUR BANK**, Respondent,

v.

Theodore **KELLEY**, Appellant.

No. 14387.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 5, 1986.

Harry Rupert Stafford, Jr., Hartville, for appellant.

Michael J. Patton, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, and Grant Q. Haden, Wade & Haden, Ava, for respondent.

CROW, Chief Judge.

A jury returned a verdict in favor of The Seymour Bank ("plaintiff") and against Theodore Kelley ("defendant") in a replevin action brought by plaintiff. Judgment was entered accordingly. Defendant appeals, briefing three assignments of error.

The record on appeal contains no motion by defendant for a new trial, and the docket sheet furnished us is barren of any indication that one was filed.

Rule 78.07, Missouri Rules of Civil Procedure (16th ed. 1985) provides, in pertinent part:

"In jury tried cases, other than cases tried with an advisory jury, allegations of error to be preserved for appellate review must be included in a motion for a new trial except that questions of jurisdiction over the subject matter, questions as to the sufficiency of the pleadings to state a claim or defense and questions authorized by Rule 72.01 to be presented in motions for judgment need not be included in a motion for new trial."

Rule 72.01, referred to in Rule 78.07, above, need not be quoted, as defendant, in this appeal, raises no issue authorized by Rule 72.01 to be presented in a motion for judgment. Our review is consequently limited to such assignments of error, if any, as raise questions of jurisdiction over the subject matter or questions as to the sufficiency of the pleadings to state a claim or

defense. *Williams v. Southern Pacific Railroad Co.*, 338 S.W.2d 882, 883[1] (Mo. 1960); *Dixon v. Model Cities Health Corp. of Kansas City*, 651 S.W.2d 498, 499[1] (Mo.App.1983).

The only assignment of error arguably qualifying for consideration is defendant's point 1, which states:

"The trial court erred in granting plaintiff's motion in limine because it ruled as a matter of law that the writ of replevin was properly issued despite the failure of plaintiff to plead facts in the affidavit of replevin (and verified petition) stating the reason for defendant's default and the facts which entitled plaintiff to immediate possession of the collateral and despite the lack of any findings of fact in the order of delivery which entitled plaintiff to immediate possession of the collateral."

In order to understand this contention, a brief summary of the evidence is necessary.

On May 2, 1983, defendant signed a promissory note for $13,076.66, payable to the order of plaintiff. The note called for five monthly payments of $275 each, beginning June 10, 1983, and a final payment of $12,644.34 due November 10, 1983. A "security agreement," executed by defendant contemporaneously with the note, granted plaintiff a security interest in certain livestock and equipment owned by defendant, to secure payment of the note. We henceforth refer to this property as "the collateral."

On March 28, 1984, plaintiff filed a "petition in replevin," averring that "said note is now in arrears," that plaintiff had demanded payment thereof in writing, that defendant had possession of the collateral, and that plaintiff was "lawfully entitled to immediate possession" thereof.

Attached to the petition and incorporated therein by reference were, among other documents, a copy of the note (the reverse side of which showed the payments made by defendant and the respective dates

thereof), and a copy of the security agreement.

Inasmuch as plaintiff was requesting immediate possession of the collateral, plaintiff filed, along with its petition, an "affidavit in replevin," endeavoring to fulfill the requirements of Rule 99.03, Missouri Rules of Civil Procedure (15th ed. 1984). That rule read then as it does now:

"When a party requests immediate possession of personal property an affidavit shall be filed stating:

(a) The description of the property;

(b) Facts showing the party is entitled to the possession of the property;

(c) The actual value of the property;

(d) The property has not been seized under any legal process;

(e) The party is in danger of losing the property unless immediate possession is obtained or the property is otherwise secured."

Plaintiff's petition, with its attachments, and the affidavit in replevin were presented to the trial court the same day they were filed, March 28, 1984, along with a "replevin bond" in the amount of $24,086.46. The trial court approved the bond, and issued an "order of delivery in replevin" commanding the sheriff to take possession of the collateral and deliver it to plaintiff.[1] The sheriff carried out the order, and the collateral was ultimately sold by plaintiff.

On the morning of trial, before the veniremen entered the courtroom, plaintiff advised the trial court and defendant that it (plaintiff) was asserting no claim against defendant "for any deficiency."

Plaintiff then called the court's attention to (a) a paragraph of defendant's answer that alleged defendant was "denied due process of law for the reason that the affidavit filed in support of the petition for replevin was deficient and that it failed to plead facts and pleaded only conclusory [sic] allegations," (b) a paragraph of defendant's answer that alleged defendant

was "denied the due process of law for the reason that the notice under Supreme Court Rule of Civil Procedure 99.05 is deficient in that it failed to fully advise defendant of his rights to a hearing and of his right to post a bond to retain the property," (c) a paragraph of defendant's answer that alleged the order of delivery "was deficient in that it failed to make the requisite findings that plaintiff had the right to immediate possession," and (d) a paragraph of defendant's answer that alleged plaintiff's petition "fails to state a claim upon which relief may be granted."

The trial court, after studying those segments of defendant's answer, ruled that the affidavit filed in support of plaintiff's request for immediate possession of the collateral "was sufficient under the rule and the statute," that the notice to defendant "was sufficient to fully apprise the Defendant of his rights pursuant to the remedies set forth in Rule 99.05," that the order of delivery issued by the court was "sufficient," and that plaintiff's petition "does state a claim upon which relief may be granted."

When the trial court announced those rulings, counsel for plaintiff stated: "Your Honor, I would move additionally in limine, in view of the Court's orders, that any evidence presented regarding the affidavit, and the notice, and the order, and all these other allegations alleging that he was deprived of due process, that the Court issue a motion in limine also indicating that those have been ruled upon and are therefore not at issue here. And for the reason that the Court has ruled on them, any evidence regarding them before this jury would be prejudicial to the ... Plaintiff...."

Following a discussion between the court and counsel, the trial court ruled there were only two issues to be submitted to the jury: first, whether defendant was in default on the note at the time the petition was filed, and was thus wrongfully detaining the collateral, and, second, if defendant

---

1. The judge who approved the bond and issued the order of delivery is not the judge who tried the case.

was not in default, the extent of his damages, if any, resulting from the seizure of the collateral.

Having made that determination, the trial court granted plaintiff's motion in limine.

The thrust of defendant's point 1, as we comprehend it, is that plaintiff's petition and the affidavit in support of plaintiff's request for immediate possession of the collateral failed to fulfill the requirements of Rule 99.03, *supra*, therefore the trial court never acquired jurisdiction to award plaintiff possession of the collateral. Consequently, insists defendant, the judgment should be reversed and the cause should be remanded for the sole purpose of determining the damages to be awarded him for plaintiff's wrongful seizure and conversion of the collateral.[2]

In support of this contention, defendant cites *State ex rel. Tallen v. Marsh*, 633 S.W.2d 458 (Mo.App.1982). There, a finance company brought a replevin suit seeking immediate possession of an automobile. In support of that request, the finance company attached to its petition an affidavit endeavoring to comply with Rule 99.03, *supra*. The trial court issued an order directing that the automobile be seized from the debtor and delivered to the finance company. The order was carried out.

The debtor promptly filed a motion to quash the order of delivery, asserting, *inter alia*, that the affidavit did not comply with Rule 99.03. The debtor prayed that the automobile be returned to him, and that the finance company's petition be dismissed. The trial court denied the motion.

The debtor then sought a writ of prohibition barring the trial court from exercising further jurisdiction. The appellate court, noting that the affidavit alleged merely that the finance company was entitled to possession because of the debtor's failure

to make required contract payments, held the affidavit failed to comply with Rule 99.03. An affidavit under that rule, said the court, must state *facts* showing that the suing party is entitled to possession. The opinion continued:

" ... Lawyers have learned to be suspicious of conclusory statements. They often conceal more than they reveal. The affidavit here does not say what the contract was, who the parties were, what payments were required to be made, and wherein the payments had not been made. It does not even say that the contract payments were secured by a lien upon the car. It does not attach a copy of the security agreement, if any, or any documentation....

This lack of evidentiary facts robs the affidavit of its legal force as a basis for the order of delivery." *Id.* at 461.

Having reached that conclusion, the appellate court held that the defect was "jurisdictional," and rendered the order of delivery void. *Id.* at 462[4]. The appellate court directed the trial court to quash the order of delivery and to order the automobile returned to the debtor. Significantly, however, the appellate court refused to order the trial court to dismiss the petition. *Id.* at 463.

In the instant case, defendant argues that plaintiff's affidavit is "jurisdictionally defective," in that it "fails to plead sufficient facts for the court to determine that plaintiff had the right to immediate possession." According to defendant, plaintiff "failed to plead a single fact which constituted a default."

Whether plaintiff's affidavit in the instant case meets the standards of *Tallen* is an issue we need not decide. The instant case is before us by appeal, not by application for an extraordinary writ, and nothing

**2.** Defendant also contends in point 1 that the order of delivery was defective in that it contained no findings of fact and no finding that plaintiff had the right to immediate possession of the collateral. However, in view of Rule 78.07, *supra*, we fail to see how defendant can raise such issue in this appeal, having failed to

file a motion for a new trial. The issue obviously would not involve a question as to the sufficiency of a pleading to state a claim or a defense, nor would it, in our view, involve a question of jurisdiction over the subject matter. Accordingly, we decline to rule on the sufficiency of the order of delivery.

in the record indicates that defendant, prior to trial, sought an order quashing the order of delivery, or an order directing that the collateral be returned to him. Furthermore, even had he done so, no such issue is before us for review.

In these circumstances, we believe the instant case is controlled by *Morris Plan Co. v. Excelsior Estates, Inc.,* 540 S.W.2d 44 (Mo. banc 1976). There, a lienholder obtained pre-judgment possession of a mobile home, without notice to any adverse party and without any opportunity for such a party to be heard. At that time, the rule in Missouri, as set out in *State ex rel. Williams v. Berrey,* 492 S.W.2d 731, 735–36[3, 4] (Mo. banc 1973), was that before a pre-judgment order of delivery could be issued in a replevin case, the judge, not the clerk, was required to hold a hearing (notice thereof having been given the adverse party) at which hearing the judge was required to make a finding of the probable validity of the suing party's claim.

In *Morris Plan,* one of the adverse parties ("Excelsior"), in addition to complaining about the lack of a hearing, also contended that the pre-judgment seizure was invalid because the lienholder "failed to comply with the requirements of § 533.010 with respect to filing an affidavit showing certain factual information."[3] However, at a pretrial conference, Excelsior stipulated that on the date the suit was filed and possession was obtained by the lienholder, the lienholder had a right to possession of the mobile home superior to any claim of Excelsior.

The trial court granted summary judgment in favor of the lienholder. On appeal, the Supreme Court of Missouri pointed out that the underlying objective of requiring notice and hearing is to provide a mechanism whereby a judicial officer can and does determine in advance of the requested delivery of possession that such delivery will not result in arbitrary and unfair deprivation of possession of one's property. *Morris Plan,* 540 S.W.2d at 48[1]. The Supreme Court continued by saying:

"[The hearing] would have given [Excelsior] the opportunity to show that it possessed a superior right of possession. In other words, the hearing would have been to prevent [Excelsior] from being unfairly and mistakenly deprived of the possession which it then had. By its admission and stipulation, ... Excelsior has furnished the answer which said hearing would have sought. That answer, as shown by the stipulation, was that [the lienholder], not [Excelsior], had the superior right to possession of the mobile home. In other words, that which would have been determined by the hearing ... has been supplied by the admission and stipulation of Excelsior. Following that stipulation there was no dispute as to the right of [the lienholder] to possession at the time of the taking under the writ of replevin. Under such circumstances, [Excelsior] has conceded by its admission that even though the taking was without notice or hearing, there was not a taking which unfairly or mistakenly deprived it of possession to which it was entitled." *Id.* at 48–49.

The Supreme Court took the same view of Excelsior's contention about the lienholder's alleged failure to file the required affidavit. Judgment for the lienholder was affirmed.

The rationale of *Morris Plan,* in our judgment, applies in the instant case. *Tallen* teaches that Rule 99, in its present form, was adopted to comply with *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), which approved, as against a due process challenge, a pre-judgment seizure procedure of Louisiana. The Louisiana procedure authorized a pre-judgment seizure upon an ex parte application and (among various other requirements) an affidavit which stated specific facts showing that the suing party was entitled to possession of the property. *Tallen,* 633 S.W.2d at 461.

Plaintiff correctly points out that the purpose of its affidavit in the instant case

---

3. Section 533.010 is analogous to Rule 99.03, *supra.*

was to establish facts demonstrating that it was entitled, as against defendant, to possession of the collateral at the time the suit was filed. Plaintiff emphasizes that this issue was submitted to the jury, which found in favor of plaintiff. Consequently, says plaintiff, under the reasoning of *Morris Plan,* any flaw in its affidavit is no longer material.

We agree. If the failure to hold a hearing on the issue of pre-judgment possession in *Morris Plan* was rendered harmless by Excelsior's later concession that the lienholder had a superior right to possession of the mobile home at the time the suit was filed, and if the alleged failure of the lienholder in *Morris Plan* to comply with § 533.010 was likewise rendered harmless by the same concession, we fail to see why defendant, in the instant case, should be awarded a reversal of the judgment at this stage of the litigation, even if plaintiff's affidavit were deficient. The same issue that was decided preliminarily by the trial court on the basis of plaintiff's affidavit and petition (with attachments), i.e., whether, on the date suit was filed, plaintiff had a right to possession of the collateral superior to the right of defendant, has now been decided in plaintiff's favor in a full-blown jury trial, with defendant confronting and cross-examining plaintiff's witnesses and presenting evidence of his own. Defendant makes no contention that the evidence was insufficient to support the verdict, or that there was any instructional error in the submission of that issue to the jury.

The fact that the issue was resolved here by a jury verdict, while in *Morris Plan* it was resolved by a stipulation, does not, in our opinion, make any difference. In each case, it was ultimately determined that, at the time the property was seized, the suing party had the superior right to possession, the same issue the trial court was required to determine at the time of entry of the order for pre-judgment possession.

Accordingly, assuming, without deciding, that the issue of the sufficiency of plaintiff's affidavit for immediate possession is before us for review by virtue of Rule 78.07, *supra,* we find it unnecessary to decide that question in view of the jury verdict, and resulting judgment, declaring that plaintiff, at the time suit was filed, was entitled to possession of the collateral. Defendant's point 1 is denied.

Defendant's other two assignments of error pertain, respectively, to the trial court's refusal to receive evidence tendered by defendant regarding the "commercial reasonableness" of the sale of the collateral, and the trial court's refusal to declare a mistrial when plaintiff asked defendant a question that, according to defendant, accused him of "criminal disposition of the mortgaged collateral." These complaints are before us, if at all, only for *ex gratia* review for plain error per Rule 84.13(c). We find that no manifest injustice or miscarriage of justice resulted from either ruling. Neither point merits further discussion.

Judgment affirmed.

GREENE, P.J., and TITUS, J., concur.