CLIFFORD BANKING COMPANY,
Plaintiff–Respondent,

v.

Mike BANKHEAD and Janet Bankhead,
Defendants–Appellants.

No. 51725.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 27, 1987.

David Wayne Suddarth, Troy, for defendants-appellants.

James J. Virtel, Ann E. Buckley, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

Defendants appeal from a judgment for plaintiff in this action to replevy 67 head of cattle. They claim that defects in the procedure by which plaintiff obtained pre-judgment possession of the cattle deprived the circuit court of jurisdiction to entertain plaintiff's suit and that the jury's failure to render a verdict on defendants' counterclaim for conversion of the cattle requires reversal. We affirm.

I

In finding for plaintiff on its replevin claim, the jury determined that on December 31, 1984, defendants possessed cattle that they had pledged as security for promissory notes held by plaintiff, that defendants were in default on these notes, and that, accordingly, plaintiff's right to possess the cattle was superior to that of defendants. Defendants do not challenge the sufficiency of the evidence which supports the jury's verdict. They assert, however, that defects in the procedure by which plaintiff obtained pre-judgment possession of the cattle deprived the circuit court of jurisdiction to entertain the substantive replevin suit and that the judgment must therefore be held for naught. We disagree.

Though the pre-judgment possession provisions of the replevin statutes[1] are designed to aid a plaintiff in the prosecution of his substantive replevin suit, the

1. § 533.010 et seq. RSMo 1986.

suit may be prosecuted to judgment regardless of whether pre-judgment possession of the chattel is obtained. See *State ex rel Williams v. Berrey*, 492 S.W.2d 731, 734 (Mo. banc 1973). Similarly, defects in the procedure by which a plaintiff obtains pre-judgment possession of chattels do not taint the underlying suit, nor do they deprive the circuit court of subject matter jurisdiction. See *State ex rel Tallen v. Marsh*, 633 S.W.2d 458, 462 (Mo.App.1982); *Associates Financial Services Company, Inc. v. Salky*, 510 S.W.2d 41, 43 (Mo.App. 1974).

Defendants raise no other challenge to the circuit court's jurisdiction. The jury has determined that plaintiff, not defendants, had a superior right to possess the cattle at the time this suit was filed, and defendants do not challenge this determination. Accordingly, any alleged flaws in the pre-judgment possession procedure cease to be of any consequence. *Seymour Bank v. Kelley*, 715 S.W.2d 586, 591 (Mo.App. 1986).

## II

The jury was instructed to find for defendants on their counterclaim for conversion if it determined 1) defendants owned and had a right to immediately possess the cattle, 2) plaintiff obtained possession of the cattle, 3) plaintiff thereafter disposed of the cattle without defendants' consent, and 4) defendants were thereby damaged. The jury completed and signed the verdict form for plaintiff's replevin claim, but left the verdict form for defendants' counterclaim blank. The circuit court thereafter dismissed the counterclaim with prejudice.

Defendants now assert the circuit court's action deprived them of their right to have their counterclaim decided by a jury. We find no error, for though the jury made no finding on the counterclaim, its verdict for plaintiff responded to the only issue the counterclaim raised, viz, which of the parties had a superior right to possess the cattle. Cf. *Todd v. St. Ann's School Music Service, Inc.*, 585 S.W.2d 522, 525 (Mo.App.

1979). The counterclaim was therefore properly dismissed.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and CARL R. GAERTNER, J., concur.