James R. Moody, Commissioner Office of Administration State Capitol Building, Room 125 Jefferson City, Missouri 65101
Dear Commissioner Moody:
This opinion is in response to your questions asking:
 1. In the event of a lawsuit against: (a) the members of the St. Louis Regional Convention and Sports Complex Authority individually; (b) the members of the Authority in their official capacity as members of the Authority; or (c) the Authority as an entity; can the defense of such a lawsuit be handled by the Missouri Attorney General's Office?
 2. Even if the Authority, or any member thereof, is defended by private counsel and a judgment is rendered against: (a) the Authority as an entity; (b) an individual member in his official capacity; or (c) an individual member personally (but arising from his activities as an Authority member); can the judgment be paid pursuant to sections 105.711 et seq. (R.S.Mo. 1986)?
Section 105.711 as enacted by Conference Committee Substitute for House Committee Substitute for Senate Bill No. 765, 85th General Assembly, Second Regular Session (1990) provides in part:
 105.711. Legal expense fund created — officers, employees, agencies, certain physicians covered, procedure — certain claims, limitations — funds not transferable to general revenue. — 1. There is hereby created a "State Legal Expense Fund" which shall consist of moneys appropriated to the fund by the general assembly and moneys otherwise credited to such fund pursuant to section 105.716.
 2. Moneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against:
 (1) The state of Missouri, or any agency of the state, pursuant to section 537.600, RSMo;
 (2) Any officer or employee of the state of Missouri or any agency of the state, including, without limitation, elected officials, appointees, members of state boards or commissions . . . upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency of the state . . . .
* * *
In interpreting the statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain meaning of the statutory language is to be given effect wherever possible. State ex rel. D.M. v.Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984).
The language of the statute demonstrates the legislature's intent to provide coverage under the State Legal Expense Fund for the State of Missouri, its agencies, officers and employees.
The Regional Convention and Sports Complex Authority was created by Senate Committee Substitute for House Bill No. 1144, Eighty-fourth General Assembly, Second Regular Session (1988) (hereinafter sometimes referred to as "House Bill No. 1144") which has been codified as Section 67.650 et. seq., RSMo Supp. 1989.
Section 67.650 provides as follows:
 67.650. Regional convention and sports complex authority established. — In each city not within a county and in each first class county with a charter form of government which adjoins such city not within a county there is hereby established a joint "Regional Convention and Sports Complex Authority".
Section 67.652 provides for the Authority to consist of up to eleven commissioners. Up to three commissioners are to be appointed by the chief executive of the city and must be residents of the city; up to three commissioners are to be appointed by the chief executive of the county and must be residents of the county; and up to five commissioners, two to be residents of the county, two to be residents of the city and one to be a resident of either the city, county or "a county contiguous to the county" are to be appointed by the Governor. One of the Governor's appointees is designated as chairman. Commissioners are to be reimbursed by the Authority for necessary expenses incurred in performing their duties.
Section 67.653 lists the powers of the Authority. These include power to issue bonds to "be payable solely from the revenues and assets held by the authority." Section67.653.1(10)(d). "In no event shall the state be liable for any deficiency or indebtedness incurred by the authority." Section67.653.2. The Authority is required to make an annual report to the chief executives and governing bodies of the city and county and to the General Assembly. Section 67.658.
In past opinions from this office, we have concluded various entities, officers and employees are covered by the State Legal Expense Fund based on specific language in the statutes pertaining to these entities or persons. For example, in Opinion Letter No. 114-84, a copy of which is enclosed, we concluded officers and employees of the Missouri State Employees' Retirement System are covered under the Fund. Section 104.320, RSMo, expressly stated the "system shall be a body corporate and an instrumentality of the state" and Section104.460, RSMo, expressly stated "all other employees of the system appointed by the board shall be both state employees and . . . ." In Opinion No. 34-85, a copy of which is enclosed, we concluded, depending on the precise facts of the particular case, certain circuit clerks are covered under the Fund because of language in Section 483.083, RSMo Supp. 1984, stating "they shall be considered state employees." In Opinion Letter No. 22-87, a copy of which is enclosed, the Health and Educational Facilities Authority of the State of Missouri was held to be covered by the Fund for various reasons, including language in Section 360.085, RSMo, proclaiming the Authority "a public instrumentality of the state." Finally, in Opinion No. 112-90, a copy of which is enclosed, we determined the trustees of the Missouri Family Trust Fund are entitled to coverage under the State Legal Expense Fund because all trustees are appointed by the Governor, the scope of the trustees' activities reaches statewide and the trustees' specific duties relate to facilitating private funding for individuals eligible to receive services from the Department of Mental Health.
The statutes relating to the Regional Convention and Sports Complex Authority contain no express language identifying the Authority as a state agency or its commissioners as state officers or employees. In the absence of such language, in order to determine the intent of the legislature, we look to the title of House Bill No. 1144 as originally enacted. "The official title to a statute is a portion thereof and must be considered in construing the meaning and purpose of the statute." State v. Windmiller, 579 S.W.2d 730, 732 (Mo.App. 1979). See also State ex rel. Missouri Highway andTransportation Commission v. Appelquist, 698 S.W.2d 883, 894
(Mo.App. 1985).
The title of House Bill No. 1144 reads as follows:
 An Act to amend chapter 67, RSMo, relating to powers of political subdivisions, by adding thereto nine new sections relating to the establishment and funding of a regional convention and sports complex authority in certain areas. [Emphasis added.]
The Authority, unlike the entities addressed in the previous opinions discussed above, was established to serve a limited area of the state and serves as a joint Authority between political subdivisions. We conclude that the Authority is not an agency of the state, nor are its commissioners officers or employees of the state. Therefore, the Authority and its commissioners are not covered by the State Legal Expense Fund; in the event of a lawsuit, the defense cannot be handled by the Attorney General's office nor can the judgment be paid by the Fund.
CONCLUSION
It is the opinion of this office that the St. Louis Regional Convention and Sports Complex Authority created under Section 67.650, et seq., RSMo Supp. 1989, and its members are not covered by the State Legal Expense Fund, Section 105.711, RSMo.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion Letter No. 114-84 Opinion No. 34-85 Opinion Letter No. 22-87 Opinion No. 112-90